OPINION of the Court, by
Cli. J. Boyxe.
■This was an jMi°n by petition and summons upon a note for the direct payment of money. The defendants demur-red, and the court below being of opinion that as the plaintiff was a corporate body, the remedy by petition and summons would not lie, gave judgment on the de^ murrer for the defendants, from which this appeal is prosecuted.
Whether we consult the reason or the letter of the lav/ giving this form of action, we are equally at a loss to perceive any impropriety in its being maintained by a corporation.
The evident object of the law was to give, in cases where there was a bond or note foi> the direct payment of money, a more speedy remedy than was then afforded by the tardy mode of proceeding at law ; and the remedy was given in those cases only, because the bond or note furnished intrinsic evidence of the debt; and there was not as likely in such cases as in others to exist any extraneous matter of defence. As then a bond or note, held by a corporation, would be as much evidence of the debt, and there would be as little probability of the existence of extraneous matter of defence in such case as if the bond or note were held by any individual citizen, it is obvious that there is the same reason for giving a speedy remedy in the one case as there is for givingTt in the other. It is clear, therefore, that according to tiie reason of the law there can be no impropriety in a, corporation maintaining this form of action. That there can b« no solid objection against maintaining the action deduced from the letter of the law giving the remedy by petition and summons, we apprehend is equally dear. '
The law > expressly gives the remedy to any person holding a bond or note for the direct payment of money; and as a corporation is in contemplation of law a person, it follows as a necessary consequence that the law so far literally embraces the case of a corporation. It is true that the form of the petition given by the Iawcontains two initial letters, intended to represent the Christian and surnames of the plaintiff and defendant, and that a corporation, though it has a name, cannot have a Christian name; ■ hut it is clear that the law does not in this respect require the form of the petition to be literally *471 pursued: on. the contrary, it only l-equires the petition filed to be Of the same purport of tlje form given.
The judgment must be reversed with costs, and the cause remanded, that judgment may be given on the demurrer for the plaintiff in the court below.