Judge Ewing
delivered the Opinion of the Court.
The Trustees of the Glasgow Academy brought an action of ejectment for one thousand acres of land, to which the appellants, as the heirs of John G. Reynolds, claiming title, were admitted as defendants.
The facts and law were submitted to the Circuit Court, upon an agreed case, and a judgment rendered in favor of the plaintiffs below.
Without going into a detail of the facts agreed, it will be sufficient to state, that Hardin Davis, John Gorin, and four others, being a majority of the Trustees of the Glasgow Academy, on the 26th of November, 1813, executed their deed, for the land in contest, to Robert Gray, signed with their names, with scrolls attached thereto. That Gray executed deeds to others, who executed deeds to the ancestor of the appellants, who were defendants in the Circuit Court.
The only question deemed necessary to be decided in this case, is, whether the deed to Robert Gray passed the title.
The County Court of Barren* under the act to establish and endow certain Academies, approved the 22d of December, 1798, (2 Stat. Law, 1002,) located the land in contest, for the use of an Academy, in Barren county, and a patent issued therefor, in the name of the “ Justices of the County Court,” on the 5th day of May, 1807.
On the 23d day of December, 1809, (4 Littell's Laws of Kentucky, 85,) it was enacted, “That Hardin Davis, “ John Gorin, and seven others named in the act, shall “ be, and are hereby, constituted a body politic and cor- “ porate, t,o be known- by the name of the Trustees of *38 “ the.Glasgow Academy, and by that name shall have “ perpetual succession, and a common seal, with the “ power to change the same at pleasure, &c.; and by “ the name and style of the Trustees of the Glasgow “ Academy, may sue or implead, or be sued or implead- “ ed, in any court of law or equity, &c.
The Trustees of an academy be-with power to pass the title only by deed under the corporate seal. But held that, the act of '97, which sanctions the use of scrawls, or "acrolls" and makes thorn valid as seals, applies to corporations — as the so in statute apply to and include a corporation; a corporation may, therefore,use a scrawl for a seal,as well as an individual. And so — held, that, where a majority of the trustees of Glasgow Academy executed a deed purporting to.be the deed of that corporation, and signed it with tlieir . several names, with a scrawl to each, without specially designating them as their individual seals, & it did not appear that the corporation had any regular seal — these scrawls must each be taken as-a seal of the corporation — the repetition of it on the same-deed, not being a matter of any importance.
*38 “ The Trustees and their successors shall have power “ in their corporate capacity, to purchase or receive by “ donation, any .lands, &c. and to sell, alien or transfer “ the same. Also, to dispose of one third of the lands “ heretofore granted by the General Assembly of Ííen- “ tucky, for the purpose of establishing an Academy in “ Barren county, &c; provided, that a majority of all the “ trustees shall be necessary to attend on the making any “ contract, by-laws, or fixing the permanent seat for “ the same.”
On the 18th day of January, 1811, (4 LitlelVs Laws of Kentucky, 219)it was enacted, “That the Trustees of said “ Academy are hereby authorized and empowered to “ dispose of the whole of the State donation Ia-nds grant- “ ed to said Academy,” &c.
The land in contest being a part of the State donation lands, the Trustees were invested, by the last act, with full power to dispose of it — a majority of them concuring, as is provided in the last clause of the first act.
But the first act creates them a body corporate, with a-common seal, and as such they could pass their title to lands only by affixing their corporate seal to the deed. The question occurs, therefore, whether they can. use a scroll as a corporate seal, and, if they can, whether the scroll attached to each of their names, may be taken as their corporate seal.
The act of 1797, (1 Stat. Law, 326,) provides, that instrument to which the person making the same “ shall affix a scroll by way of seal, shall be adjudged u and holden to be of the same force and obligation as if . o “ it were actually sealed.”
A corporation, in contemplation of law,.is an invisible person, and, as such, is embraced in the provisions of a statute providing for persons', as was determined by this Court in the case of the Kentucky Insurance Company *39 vs. Hawkins, 4 Bibb, 470; and Bank of Kentucky vs. Turner &c. 3 Marshall, 259. A corporation may, therefore, adopt and use a scroll as their common seal, as well as individuals, under the provisions of the foregoing statute.
But, can the scrolls which the Trustees have used,-in this case, be intended as their corporate seal ? We think they may, without doing violence to the terms of the deed, and should be so intended, in support of the" evident intention of the parties.
The execution of the deed purports to be a corporate act. It is executed in the corporate name, by the majority of those persons who were constituted the corporate body, and purports to be a conveyance of the donation lands vested in them as such. '
The deed, throughout, indicates a clear intention to convey, in their corporate, fiduciary character, as trustees, and not as individuals. And, in the conclusion, they have not denominated the seals, by. which they testify it, their individual seals. Inasmuch, therefore, as they had the right to adopt the scroll as their seal, and it does not appear that they had' any other. seal as a corporation, and the act attempted to be done is a corporate act, and in the name of the corpprate body, and done by those entrusted with the powers conferred by the act, and they have not - denominated the scroll their individual seals, we may well intend the scrolls were used as their corporate seal. To presume that they are their individual seals, would be to presume that which they have not said, and which would be repugnant to the manifest intention .of the parties and the whole object and tenor of the instrument. To indulge •in such presumption, would be to destroy, and not to sustain, the deed — to defeat the intention of the parties, and not to carry it into effect. Such presumption should not, therefore, be indulged,-or such construction given to the deed, or the scrolls which are used. As the scrolls may be used by a corporation, we should rather presume that they were used as their corporate seal, especially as that presumption supports the deed,, and comports with the clear object of the instrument.
The conveyances made by the trustees of' Academies (6000 acres havingbeen granted for the use of an academy in each county,) have generally been by deeds signed by the several trustees,rvith scrawls to their signatures, (not by any other corporate seal:) to declare such conveyances invalid now, would be productive of infinite mischief.
The fact that separate scrolls are attached to the names of each of the Trustees, can make no difference. If the scroll used was intended to be the seal of the corporation, its repetition cannot detract from the validity of the deed. And as several individuals conveying, as such, might adopt a single seal, or separate seals for each, and the deed would be good, so all the corporators might use a single corporate seal, or attach the corporate seal to each name signed to the instrument. And as the Trustees, in this case, deemed it necessary for each trustee to sign his name, it may have been deemed equally necessary for each to attach the corporate seal.
Upon the whole, therefore, we think the deed was sufficient to pass the title to Gray. And we are the more inclined to come to this conclusion, from the conviction that this mode of making conveyances has been the general, if not the universal, mode, adopted by the Trustees of all the Academies in the State. And there being one in every county, which has been endowed with six thousand acres of land, with the power to sell, titles thus derived have spread into all the ramifications of society — to invalidate which, at this late period, would be to cast a firebrand, which would disturb greatly the security of titles, and the peace and harmony of the community. This should never.be done upon slight grounds.
The judgment of the Circuit Court is therefore reversed, and cause remanded, that a judgment may be rendered on the agreed case, for the defendants, with costs, and the appellants are entitled to their costs in this Court.