EDWARD BRINLEY & another *vs.* SAMUEL C. MANN.

It is no objection to the levy of an execution on real estate, that, after the seizure, the levy was suspended, until the estate had been levied on, in pursuance of a prior attachment; or that, where an undivided part is levied on, the appraisers certified only the value of the part taken, and not the value of the whole.

An instrument, purporting to be the deed of the New England Silk Company, a corporation legally established, by C. C., their treasurer, — reciting that it is executed by him, in behalf of the company, and as their treasurer, duly authorized for that purpose, — and signed and sealed by him, with his own name and seal, followed by the words, " treasurer of the New England Silk Company," — is not the deed of the corporation.

THIS was a writ of entry, for the recovery of certain real estate in Dedham, which was tried, on the general issue, before *Forbes*, J., to whose rulings and instructions, — a verdict being rendered for the demandants, — the tenant excepted.

The demandants gave in evidence a judgment rendered in their favor, in the court of common pleas for this county, against the New England Silk Company, a corporation legally established ; an execution issued in pursuance thereof dated September 2, 1845 ; and a levy, appraisement, and other proceedings returned thereon; from which it appeared, that the officer, by whom the execution was served, on the 11th of September, 1845, seized thereon seven thirty-second parts of the demanded premises ; that further proceedings in the levy were suspended until the 10th of October, 1845, when the levy was completed, and seven thirty-second undivided parts of the demanded premises were assigned to the demandants, in part satisfaction of their judgment.

The tenant objected, that it did not appear, that the levy

of the execution was completed in due season, after it was commenced; whereupon the demandants gave evidence showing that the same premises were attached, on the 17th of June, 1845, on a writ in favor of other creditors, on which judgment was subsequently obtained, and an execution issued, which was levied on an undivided part of the premises, on the 1st of October, 1845.

The demandants also gave in evidence a judgment recovered by them against the New England Silk Company, in the court of common pleas for the county of Suffolk, and an execution issued thereon, upon which seven one hundred and fiftieth parts of the demanded premises were seized and assigned to the demandants, December 17, 1845, in part satisfaction of such execution.

In both these levies, the appraisers certified, (their certificates were made part of the return,) that, finding the premises incapable of division, they had appraised the undivided parts set off by them, in each case, at the several sums at which they were so assigned, but they did not otherwise report the entire value of the whole estate. The tenant objected to the levies, because the appraisers did not report the entire value; but the objection was overruled.

The tenant thereupon produced the evidence, upon which he relied to show his title in the demanded premises, from which it appeared, that Christopher Colt, jr., treasurer of the New England Silk Company, acting under the supposed authority of certain votes of the company, conveyed the demanded premises, before the seizure thereof on execution as above mentioned, by deeds of mortgage and quitclaim, to James B. Colt, from whom, by intermediate conveyances, the estate came to the tenant.

The demandants, among other objections to the evidence on the part of the tenant, not necessary to be stated, objected to the validity of the deeds to James B. Colt.

The formal parts of one of the deeds, to which the objection referred, are as follows: —

" Know all men by these presents, that the New England

Silk Company, a corporation legally established, by Christopher Colt, jr., their treasurer, of Dedham, &c., in consideration, &c., do hereby give, grant, sell, and convey," &c.

" In witness whereof, I, the said Christopher Colt, jr., ın behalf of said company, and as their treasurer, have hereunto set my hand and seal, this," &c. [Signed and sealed] " Christopher Colt, jr., Treasurer of New England Silk Company."

The certificate of acknowledgment stated, that " Christopher Colt, jr., treasurer, &c., acknowledged the above instrument to be his free act and deed."

In the other deed, Christopher Colt, jr., describes himself, in the concluding recital, as " treasurer of the New England Silk Company, and duly authorized for that purpose ; " and, in the certificate of acknowledgment, it is stated, that, " in his said capacity," he acknowledged the instrument to be his free act and deed.

*D. A. Simmons,* for the tenant.

*J. J. Clarke,* for the demandants.

METCALF, J. The demanded premises were formerly the property of the New England Silk Company, a body corporate, and the demandants claim title thereto under levies of two executions against that company. We see no valid objection to either of those levies. The delay in completing the levy of the first execution was warranted by the Rev. Sts. *c.* 97. The appraisement of the undivided fractional part of the estate, which was set off on the second execution, was all that the law required of the appraisers. The objections to these levies were therefore rightly overruled by the judge at the trial, and he rightly instructed the jury, that the demandants had a *prima facie* title to the premises demanded in this suit.

The tenant also claims title under the Silk Company, through two deeds made to James B. Colt before the demandants levied upon or attached the demanded premises, and a deed from Colt to Humphrey, who was the tenant's immediate grantor. On examining the deeds to Colt, we are of opinion that they conveyed no title to him. It is a rule of

conveyancing, long established, that deeds, which are executed by an attorney or agent, must be executed in the name of the constituent or principal. In *Combes's Case*, 9 Co. 76 *b*, it was resolved "that when any has authority, as attorney, to do any act, he ought to do it in his name who gives the authority; for he appoints the attorney to be in his place, and to represent his person; and therefore the attorney cannot do it in his own name, nor as his proper act, but in the name and as the act of him who gives the authority." And in *Fowler* v. *Shearer*, 7 Mass. 19, Parsons, C. J., says, "It is not enough for the attorney, in the form of the conveyance, to declare that he does it as attorney; for he being in the place of the principal, it must be the act and deed of the principal, done and executed by the attorney in his name." This doctrine, which was applied in *Elwell* v. *Shaw*, 16 Mass. 42, and in other cases cited by the demandants' counsel, and also in *Berkeley* v. *Hardy*, 8 Dowl. & Ryl. 102, must be applied to the deeds now before us. Both of these deeds were executed by C. Colt, jr., in his own name, were sealed with his seal, and were acknowledged by him as his acts and deeds. In one of them, it is true, he declared that he acted in behalf of the company, and as their treasurer; and in the other he declared himself to be their treasurer and to be duly authorized for the purpose of executing it. But this, as we have seen, was "not enough." He should have executed the deeds in the name of the company. He should also have affixed to them the seal of the company, and have acknowledged them to be the deeds of the company. 1 Crabb on Real Property, §§ 703, 705; 4 Kent Com. (3d ed.) 451; *Stinchfield* v. *Little*, 1 Greenl. 231; *Savings Bank* v. *Davis*, 8 Connect. 191; 3 Stewart on Conveyancing, 189. If the deeds had been rightly executed in other respects, the seal which C. Colt, jr., affixed to each of them (namely, a wafer and a paper, without any stamp or impression) might have been regarded as the seal of the company, according to the decisions in *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, and *Reynolds* v. *Glasgow Academy*, 6 Dana, 37.

The case of *Warner* v. *Mower,* 4 Verm. 385, cited by the tenant's counsel, was decided upon a statute of Vermont, which authorizes certain corporations to convey real estate by a deed of their president, sealed with his seal. The court, in that case, admitted that "the form of the deed, at common law, would not, probably, be considered good."

As nothing passed to James B. Colt, by the deeds of October, 1844, and June, 1845, he could not convey any title to Humphrey, nor Humphrey to the tenant. We therefore need not examine the other objections to the tenant's title, which were raised and argued by the counsel for the demandants.

*Judgment on the verdict.*