*Judgment for the defendants.*

---

43 343
68 213

## TENNEY v. EAST WARREN LUMBER COMPANY.

If, in a deed purporting to be executed by the agent of a corporation, the general intention is apparent that the corporation make the grant or contract, and any expression is used which is inconsistent with that intention, and if literally construed would defeat the deed, it is to be rejected.

A deed in this form: "We, the E. W. L. Co., in consideration of $5000 to us paid, &c., do give, grant," &c.; "we, the E. W. L. Co., do hereby covenant," &c.; "if the E. W. L. Co. shall pay," &c.; and concluding, "In witness whereof we have hereunto set our hands and seals," &c.; signed, "D. E. F., President," &c., and seal, "E. S. C., Treasurer," &c., and seal; is the deed of the corporation, if the agents were authorized to execute it.

An acknowledgement on such a deed in this form: "Personally appearing, D. E. F. and E. S. C. acknowledged the foregoing instrument to be their free act and deed; before me," &c.; is sufficient to give it effect as the deed of the corporation.

Though a corporation have adopted a seal, yet they will be bound by a deed otherwise sufficient, which is sealed with any seal.

Evidence that a deed, purporting to be the deed of a corporation, was executed by agents properly authorized, is *primâ facie* proof that any seal affixed to it has been adopted by the corporation for the occasion.

It is *primâ facie* sufficient proof for a stranger, of the concurrence of the directors of a corporation, to show that they assented separately.

THIS was a writ of entry, to foreclose two mortgages. With the general issue there was a brief statement that the mortgage relied

upon in the first count was not the deed of the defendants. The defense was made by creditors of the defendants, who had attached the mortgaged premises, and were permitted to appear and defend the action.

The plaintiffs offered in evidence the instrument relied on as the deed of the defendants, under their first count, which was as follows:

Know all by these presents, that we, the East Warren Lumber Company, a firm doing business, under an act of incorporation, by that name, in the town of Warren, &c., for and in consideration of the sum of $5000, to us in hand paid by John F. Tenney, &c., the receipt whereof, &c., have given, &c., and by these presents do give, grant, bargain, sell, &c., unto the said Tenney, &c., their heirs and assigns forever, certain tracts of land, situate, &c.; to have and to hold, &c.; and we, the said East Warren Lumber Company, and our heirs, &c., do hereby covenant, &c., to and with said Tenney, &c., that, until the delivery hereof, we were the lawful owners of the said premises, and seized and possessed thereof in our own right, in fee simple, and have full power, &c., to grant, &c., and that the said premises are free, &c., and that we and our heirs, &c., will warrant the same to the said Tenney, &c. Nevertheless, &c., if the said East Warren Lumber Company, their heirs, &c., shall well, &c., pay to the said Tenney, &c., their promissory note, bearing even date with these presents, for the payment of five thousand dollars, six months after date, with annual interest; said note signed by Ephraim S. Calley, treasurer of said company, and by Joseph Chamberlain, David C. French, &c. (four others), and by the East Warren Lumber Company, by their agent, J. Chamberlain, then, &c.

In witness whereof we have hereunto set our hands and seals, this, &c.

DAVID C. FRENCH,

President of the East Warren Lumber Company. [*Seal.*]

EPHRAIM S. CALLEY,

Treasurer of the East Warren Lumber Company. [*Seal.*]

Signed, sealed and delivered
  in presence of us,
    ISAAC MERRILL,
    MARINDA F. CLEMENT.

STATE OF NEW-HAMPSHIRE, Grafton ss. April 12, 1858. Personally appearing the above named David C. French and Ephraim S. Calley, acknowledged the foregoing instrument to be their voluntary act and deed, before me,

Dated the — day of —, 18—.

ISAAC MERRILL, *Justice of the Peace.*

Thereupon the defendants objected that it was neither signed, sealed or acknowledged by the defendants as their deed.

The plaintiffs put in evidence the charter of the company, which authorised any two of the corporators to call the first meeting, "and at such meeting, or any subsequent meeting duly holden, said cor-

poration may choose all necessary officers, and prescribe their duties, and adopt such by-laws as may be necessary," &c., and the by-laws, which provide that the officers of the company shall consist of a president, treasurer and three directors, who, with the president and treasurer, shall constitute a board of directors, &c. The directors shall have power to buy and sell real estate. A majority of the directors shall constitute a quorum, &c. All deeds and transfers of real estate from the company shall be signed by the president and treasurer, in their official capacity, in behalf of said company. The treasurer, by order of the directors, may borrow money on the credit of the company, for the use of the company. The seal of the company shall be provided by the directors, and kept by the president, and affixed by him to such instruments as the directors may order.

It appeared that at the date of the alleged mortgage, David C. French was the president, and Ephraim S. Calley the treasurer of the corporation; that the existence of the note and mortgage, and their purpose, were known to the directors and members soon after their date, and it did not appear that any objection was made to them by the corporation or any of its members, or directors. A majority of the directors, of whom French and Calley were two, knew and assented to the mortgage, at or about the time of its date, and before its delivery; and the note and mortgage were delivered to the plaintiffs by the general agent of the company, who was also a director. A witness, one of the directors, testified that at a meeting of the corporation in June, 1859, at which all the directors were present, the agent, in stating the debts of the company, referred to their debt to the plaintiff, but he did not recollect whether as a note or a mortgage, but said the mortgage was well known to all the directors and stockholders.

The mortgage was made to secure the payment of a note for $5,000, payable to the plaintiffs, or order, signed by the defendants, by their treasurer and by their agent, and by six of the seven existing members of the corporation, individually.

The defendants had a common seal, procured by the directors, and which was used on the certificates of stock; but it did not appear what the device was, nor that there was any device.

The plaintiffs contended that the instrument offered in evidence was executed and acknowledged in the name of the corporation, and that it was competent for the jury to find that the seals affixed were the seals of the corporation. The court ruled otherwise, and the plaintiffs excepted to the ruling.

The court directed a verdict for the plaintiffs on the second count in the writ, subject to the opinion of the court upon the foregoing case. The case was thoroughly investigated, and elaborately argued by the counsel. Some of the points made and authorities cited can alone be briefly stated.

*Felton,* and *C. R. Morrison,* for the plaintiffs, contended:

I. That the execution of the deed was sufficiently concurred in and authorized. *Gillis* v. *Bailey,* 21 N. H. 161; *Goodall* v. *New-*

*England Ins. Co.,* 25 N. H. 169, 189 ; *Edgerly* v. *Emerson,* 23 N. H. 568 ; *Burrill* v. *Nahant Bank,* 2 Met. 163.

II. That the mortgage was ratified after its execution and delivery, and that it was competent for the jury to find that it was sufficiently authorized originally ; that it was properly executed and sufficiently ratified afterwards. *Burrill* v. *Nahant Bank,* 2 Met. 163 ; *Bank* v. *Dandridge,* 12 Wheat. 64 ; *Bank* v. *Patterson,* 7 Cran. 299 ; *Canal Bridge* v. *Gordon,* 1 Pick. 297 ; Ang. & Am. Corp. 238, 241, 284.

III. The mortgage is the deed of the corporation. The mortgage, to be valid, must be in the name and purport to be the deed of the corporation ; but whether such is its purport must be determined from its general tenor, and not from any particular clause. The grant and covenants are, beyond dispute, in the name of the corporation ; and the instrument is signed by the president and treasurer, in their official capacity, and as required by the by-laws. The decisions in our own State, and elsewhere, are uniform and decisive in favor of the deed. *Montgomery* v. *Dorion,* 7 N. H. 475 ; *Hale* v. *Woods,* 10 N. H. 470 ; 12 N. H. 229 ; *Wilkes* v. *Bank,* 2 East 142 ; *Ogilvie* v. *Foljambe,* 3 Mer. 52 ; 2 Stark. Ev. 605, 477 ; *Jackson* v. *Blodgett,* 16 Johns. 172 ; *Richardson* v. *Palmer,* 38 N. H. 212 ; *McDaniel* v. *Manf. Co.,* 22 Vt. 274 ; *Mussey* v. *Scott,* 7 Cush. 215 ; *Flint* v. *Clinton Co.,* 12 N. H. 432 ; Hob. 277 ; *Crossing* v. *Scudamore,* 1 Mod. 175 ; Ang. & Am. Corp. 189 ; *Magill* v. *Hinsdale,* 6 Conn. 46 ; *Deming* v. *Bullett,* 1 Blackf. 241 ; 4 H. & M. 184 ; Story Agency 5, sec. 153.

IV. The objection that the mortgage does not bear the seal of the corporation is not well founded in fact.

1. The signatures of the agents who act in behalf of the corporation being proved, the seal affixed is presumed to be the seal of the corporation, until the contrary is proved.

2. The corporation can alter its seal at pleasure, or adopt any seal ; and the fact that the mortgage was executed as the deed of the corporation, and has always been treated as such, and acquiesced in by the corporation, is sufficient for us. See *Flint* v. *Clinton Co.,* 12 N. H. 432 ; *Mill-Dam Foundery* v. *Hovey,* 21 Pick. 417 ; *Stebbins* v. *Merritt,* 10 Cush. 27 ; *Pequawket Bridge* v. *Mathes,* 7 N. H. 330 ; *Sutton's Hospital,* 10 Co. 306 ; *Goddard's Case,* 2 Co. 5 ; *Bank* v. *Dandridge,* 12 Wheat. 64. If ratified, the deed is ratified as it is, seal and all.

V. Under the circumstances, the corporation would be estopped to deny that the instrument had the proper seal. *Page* v. *Foster,* 7 N. H. 392 ; *Farrar* v. *Farrar,* 6 N. H. 195 ; *Parker* v. *Brown,* 15 N. H. 184 ; *Wells* v. *Pierce,* 27 N. H. 503 ; *Corbett* v. *Norcross,* 35 N. H. 99 ; *Davis* v. *Handy,* 37 N. H. 65 ; *Rangely* v. *Spring,* 21 Me. 130 ; *Buswell* v. *Davis,* 10 N. H. 413, authorities *passim.*

VI. If the mortgage in this case were to be treated not as the deed of the corporation, but of the agents, the corporation would be estopped to deny that a good title passed, and our title would be sufficient by estoppel. See authorities last cited.

VII. The language of the testimonium clause is the language of the corporation, not of the agents. If it was equivocal, the deed is

to be construed against the grantor, the company; *Palmer* v. *Richards*, 38 N. H. 218; so as to give effect to it, rather than defeat it. 2 Pars. Cont. 15; *Molyn's Case*, 6 Co. 6, a; *Church Wardens, &c.*, 10 Rep. 676; *Bullen* v. *Runnels*, 2 N. H. 258; *Canning* v. *Pinkham*, 1 N. H. 353.

VIII. The mortgage is valid, under the second section of chapter 130, Revised Statutes, which provides that any public or private corporation, authorized to hold real estate, may convey the same by an agent appointed by vote for that purpose. Under this statute, the agent of a private as well of a public corporation may convey in his own name. *Ward* v. *Bartholomew*, 6 Pick. 408; *Cofran* v. *Cochran*, 5 N. H. 458; 5 N. H. 516.

IX. The acknowledgement is sufficient. The officers executing the deed were the proper persons to make the acknowledgement. From the certificate of the justice, taken in connection with the deed, it is apparent that the acknowledgement was for and in behalf of the corporation. *Lovett* v. *Steam Saw-Mill*, 9 Paige 60; 12 N. H. 207; 36 N. H. 218; 22 Vt. 240; 11 Ala. 984; 8 Conn. 191.

X. That the deed has two seals is of no importance. *Bank* v. *Railroad*, 30 Vt. 160; *Jackson* v. *Welch*, 3 Johns. 226; *Decker* v. *Freeman*, 3 Greenl. 338.

Though subsequent attaching creditors have been permitted to come in and defend, the case is to be tried upon the same rules and principles as if no third person had interfered. *Pike* v. *Pike*, 29 N. H. 584. The question, therefore, is here, whether this deed is to be regarded, as between the parties to the action, the deed of the corporation.

*Quincy*, and *George, Foster & Sanborn*, for the attaching creditors.

I. The question is, whether the mortgage deed, on which the plaintiffs rely, is the deed of the corporation. This is simply a question of law, and must be decided by an examination of the deed itself. On this point no question arises as to whether the president or treasurer had authority to make the conveyance or not, or what the jury might or might not infer from the facts stated in the case, or whether the execution of the deed was sufficiently concurred in and authorized, or whether a competent number of the directors concurred in the making of the mortgage. Every deed or other conveyance of real estate shall be signed and sealed by the party granting the same, attested by two or more witnesses, and acknowledged by such grantor before a justice of the peace, &c., and recorded at length in the registry of deeds in the county where such land lies. Comp. Stat., ch. 136, sec. 3. This deed is not, and does not purport to be, either signed, sealed, or acknowledged by said corporation.

"It seems to have been settled or recognized as law in courts of justice, by judges distinguished by their learning and wisdom, in successive generations, and under different governments, that, in order to bind the principal or constituent, and make the instrument his deed, the agent or attorney must set to it the name and seal of the principal or constituent, and not merely his own." *Stinchfield*

v. *Little*, 1 Greenl. 231, and authorities cited; *Brinley* v. *Mann*, 2 Cush. 337, and authorities cited; Ang. & Am. Corp. 168, and authorities cited; Ang. & Am. Corp. 109, and authorities cited; 6 Pick. 203; *Stone* v. *Wood*, 8 Cow. 455, and authorities cited; 7 Cran. 304; 1 Hanson (Ohio) 390, 394; *Hatch* v. *Ball*, 14 Pet. 19; Story Agency 137, 139; 18 Ark. 269; 12 U. S. Dig. 158; 1 Cow. Phill., note 889, 468, 1287, notes; and cases cited on the other side.

II. The body of the deed is one thing, the execution—that is, the signing, sealing, acknowledging, and delivery — is another. However clearly the body of the deed may show an intent that it shall be the act of the principal, yet, unless it is executed by his attorney for him, it is not his deed, but the deed of the attorney, or no one. *Mussey* v. *Scott*, 7 Cush. 215, and authorities cited; *Lessee of Clark* v. *Courtney*, 5 Pet. 358.

III. The rule of law in respect to the construction of deeds, stated in the counsel's third point, and to sustain which he has cited many authorities, is not applicable to the execution of deeds, as will appear by careful examination of the authorities cited.

IV. The corporation has a common seal; the deed was sealed with the private seals of French and Calley, and it therefore appears that their common seal was not affixed. It appearing affirmatively that the corporation has a common seal; that it is not affixed to the instrument, and that the instrument does not purport to be signed by the corporation, no presumption arises that the corporation has adopted the seals on the instrument, and if such presumption does arise, it is rebutted by the fact stated.

V. There are no facts stated in the case to raise the doctrine of estoppel. That doctrine can not apply. The rights of attaching creditors are the same as if they had levied their executions on the mortgaged premises, and the question was between the mortgagees and creditors. The question then would be as now, whether the land passed to the mortgagees by virtue of their deed. They are not estopped to raise this question. 2 Cush. 337, and authorities before cited.

VI. The deed, not being executed according to the provisions of the statute, can not be ratified by the corporation. It was void. If it was capable of ratification, it could not be, unless by a vote of the corporation, which is not shown in this case. *Despatch Line* v. *Bellamy*, 12 N. H. 205.

VII. No question of authority to execute the deed arises. If it could, the deed does not bind the corporation, because it does not appear (1) That there was an assent of all the directors at any meeting; (2) Or that there was a meeting and consultation of the whole board, and a vote of a majority; (3) Or that a meeting was held at some regular period, at which a majority was present, and acted by major vote; (4) Or that there was a meeting, regularly notified, at which a majority assembled, and acted by a major vote. *Despatch Line* v. *Bellamy*, 12 N. H. 205; *Edgerly* v. *Emerson*, 1 N. H. 566; *Gillis* v. *Bailey*, 21 N. H. 149. The decisions in our own State and elsewhere are quite uniform and decisive against the validity of the deed.

VIII. The deed is not executed according to the by-laws. Deeds must be signed by the president and treasurer in their official capacity, and in behalf of the company. The deed is "in the name of the corporation," only in the premises, covenants and condition, not in the *testimonium* clause. This is not sufficient; the party whose deed it is must sign and seal it. 2 Bla. Com. 305.

The loose expression often used that all parts of a deed are to be so construed as to give it effect, should be restricted in its application to the descriptive parts. *Drew* v. *Drew*, 28 N. H. 489.

The deed does not purport to be signed, sealed, or acknowledged, by the lumber company, but by French and Calley. The language does not admit of any other construction.

*Montgomery* v. *Dawson*, and *Hall* v. *Woods*, relied on for the plaintiffs, are distinguishable from this case, in that the agent recites, while nominally using his own seal, that he signs and seals for his principal.

The addition of president and treasurer, while they do not declare themselves to be acting "in behalf of the company," is a mere *descriptio personæ*. Story Ag., sec. 151, n. ; Ang. & Am. Corp. 196 ; *Hatch* v. *Barr*, 1 Ohio 390 ; *Bank* v. *Guttschlich*, 14 Pet. 195 ; 7 Cow. 299, 308.

BELL, C. J. It is objected that the mortgage relied upon in this case is not the deed of the corporation, if it were otherwise unobjectionable, because it is not executed in the name of the corporation.

The legal principle on which this objection is founded is not to be disputed. It is distinctly stated in the case of *Coburn* v. *Ellenwood*, 4 N. H. 99 ; *Montgomery* v. *Dorion*, 7 N. H. 475 ; *Hale* v. *Woods*, 10 N. H. 470, without referring particularly to a mass of cases collected in 1 Am. Leading Cases 375.

We have considered this case on principal and authority, and we are unable to agree that the objection is well founded.

The construction of a deed is to be made upon the whole instrument, and not upon particular parts only. Effect is to be given to it according to the intention, whenever it can by law be done. No part of the language is to be rejected, if it admits of a construction consistent with the general intent of the writing; but if the general intention of the instrument can be distinctly seen, and there is any part of its language which is irreconcilable with the rest, or if there is any part which would render the deed invalid, if effect should be given to it according to its natural construction, and it is capable of any other construction consistent with the general intent, that construction is to be adopted. And if there is any part which, upon any construction of which it is capable, is inconsistent with the principal purpose of the instrument, and must necessarily defeat its operation, it is to be rejected as a mere mistake. Grammatical errors never interfere with the interpretation of a deed, according to its evident intent. It is unnecessary to cite authorities to propositions so elementary. Our own reports abound with cases. See Gil. Dig., Deed, H; Bell's Dig., Deed, G, H; *Bell* v.

*Sawyer*, 32 N. H. 72; *Eastman* v. *Knight*, 35 N. H. 551; *Johnson* v. *Simpson*, 36 N. H. 91; *Richardson* v. *Palmer*, 38 N. H. 212.

The court are not confined, in giving a construction to a deed, to what appears upon its face, but they may receive and consider evidence as to all the existing facts and attending circumstances connected with the transaction, so as to place themselves as nearly as may be in the situation of the parties to it. *Goodhue* v. *Clark*, 37 N. H. 533, and cases cited.

In the present case, upon the attendant facts, it is impossible to doubt the purpose of these parties. The debt was due from the corporation, the note was their note, the mortgage was to be made upon their property, and to be effectual must be their deed. And we think the general intent apparent on the mortgage is equally clear. It was on the one side to execute, and on the other to receive a deed of the corporation, conveying their title to the property. The grant is by the company. " We, the East Warren Lumber Company, in consideration of $5000 to us paid," &c., " do give, grant," &c. The covenants are made by the company. " We, the E. W. Lumber Co., do hereby covenant, &c." The condition is, that " if the said E. W. Lumber Co. shall pay," &c. It concludes, " In witness whereof we have hereunto set our hand and seals," &c.

The names of the agents of the company, which are subscribed, do not appear in the body of the instrument, and they are in no way referred to in it. Nor is there any pretense, that upon the terms of the instrument, or upon any construction, any person can be regarded as the grantor, but the lumber company. The concluding clause, " We have hereunto set our hand and seals," must be construed as the language of the company, " We, the Company, set our seals." If the words could, by any possibility, be deemed to refer to the hand-writing of the agents, it would be inconsistent with the whole purpose and design of the instrument. To give it that effect would be to defeat the deed, and it must consequently be otherwise understood, or wholly rejected.

It is argued, that because there is a seal against the name of each of the signers, the president and treasurer of the company, they must be deemed not the seals of the company, but the seals of the agents. This construction is forbidden by the general principles stated, and either seal might be properly rejected, as inconsistent with the general intent of the instrument, if that was necessary to prevent the defeat of the deed; but it is not. It has been often decided that if a deed of a corporation is executed by two officers, and sealed with the common seal opposite each name, the instrument is not vitiated by the double sealing. *Jackson* v. *Walsh*, 3 Johns. 225; *Reynolds* v. *Academy*, 6 Dana 37; *Decker* v. *Freeman*, 3 Greenl. 340.

It is not to be denied that there is a large class of cases elsewhere, where the acknowledged rules for the interpretation of deeds have not been referred to; and it has been held that if a deed is in the name of a corporation, or other principal, executed by a duly authorized agent, and purporting to convey the property of

the principal, yet, if the concluding clause of the deed is "In witness whereof I have set my hand and seal," and the deed is signed by the agent, it is not to be regarded as executed in the name of the corporation, or principal named, but is entirely inoperative, notwithstanding the agent adds to his name, agent, or, attorney for the principal, naming him. See *Hatch's Lessee* v. *Barr*, 1 Ham. 390, and other cases collected in 1 Am. Leading Cases 579, &c. We regard these cases as decided upon a tame submission to authority in opposition to principles of interpretation every where admitted, and notwithstanding it can not be doubted that those decisions have been without exception unjust to the parties.

They all profess to be founded on Combe's Case, 9 Co. 76, which, as we understand it, gives them no support. We read thus: " 2. It was resolved, that when any has authority to do any act, that he ought to do it in his name, who gives the authority. The attorney can not do it in his own name, nor as his proper act, but in the name and as the act of him who gave the authority. And where it was objected in the case at bar [that] the attorneys have made the surrender in their own names, for the entry is *Quod iidem Willielmus et Stephanus*, &c., *sursum reddiderunt*, &c., it was answered and resolved, *per totam curiam*, that they have well pursued their authority, for first they showed their letter of attorney, and then they *authoritate eis per præd' literam attornatus dat' sursum reddiderunt*, &c., which is as much as if they had said, We, as attorneys of T. Combes, surrender, &c. And both these ways are sufficient; I, as attorney of J. S., deliver you seizin ; or, I, by force of this letter of attorney, deliver you seizin. And all that is well done, and a good pursuance of his authority." In many of the decisions upon this point, it would seem the courts could not have read this case.

The decisions in our own State are consistent with what we regard as the sound principle on this subject.

In *Montgomery* v. *Dorion*, 7 N. H. 475, a deed was offered in evidence, which was made in the names of the principals, but closed, "In testimony of the foregoing, I. Winslow, Jr., being duly constituted attorney for the purpose, by all the foregoing grantors, has hereto set his hand and seal. Isaac Winslow, Jr., and seal." And it was held by the court, *Richardson*, C. J., that when an attorney or agent makes a deed of land, to make it pass the estate of the principal, it must be made in the name of the principal. 4 N. H. 102. In this case the deed is in the name of the principals, so that the only objection to it is, that it is not so executed as to make it the deed of the principals. There is no particular form of words required to be used, provided the act be done in the name of the principal. 2 Stark. Ev. 477. Where a deed was executed thus, "for James Brown, M. Wilkes" and seal, it was held to be well executed. It is not material that there should be more than one seal. *Ball* v. *Dunsterville*, 4 D. & E. 313. It is immaterial whether the names are put at the top or bottom of the writing, if, in the whole instrument, the grant purports to be their grant. *Ogilvie* v. *Foljambe*, 3 Mer. 52 ; 2 Stark. Ev. 605. In this case, in testimony that the grantors who are named as such make the conveyance, the agent puts his

hand and seal to the instrument. This seems to be tantamount to putting his hand and seal to the deed for them, which is sufficient."

In *Hale* v. *Woods*, 10 N. H. 470, the court say, "the deed of an attorney, to be valid, must be in the name, and purport to be the act and deed of the principal. But whether such is the purport of the instrument must be determined from its general tenor, and not from any particular clause. Such construction must be given, in this as well as in other instances arising on conveyances, as shall make every part of the instrument operative, so far as possible, and where the intention of the parties can be discovered, such intention should be carried into effect, if it can be done consistently with the rules of law. The terms of the conveyance are, "I, D. King, as well for myself as attorney for Z. King, doth for himself and said Z., remise, release, &c., the premises, with all the estate, &c., of me, the said D. and said Z., which we now have, &c. And we, the said D. and Z., do hereby, &c., covenant, &c. In witness whereof, we, the said D., for himself, and, as attorney aforesaid, have hereunto set our hands and seals, &c. (Signed) D. King, and also D. King, attorney for Z. King, being duly authorized, as appears of record." The covenants in the deed in this case are clearly the covenants of the principal, and we think from the terms used, the grant purports to be the act of the principal.

In *Wilkes* v. *Back*, 2 East 142, the court say, "There is no particular form of words required to be used, provided the act be in the name of the principal, for where is the difference between signing J. B. by M. W., his attorney, and M. W. for J. B. In either case the act of sealing and delivery is done in the name of the principal and by his authority. Whether the attorney puts his name first or last, can not affect the validity of the act done."

These cases do not stand alone. In *Magill* v. *Hinsdale*, 6 Conn. 464, it was held that an instrument, purporting that the attorney of the corporation had set his seal thereto in behalf of the corporation, was sufficient to transfer the legal title of the corporation in real estate in the same manner as if it had been executed under the corporate seal.

*McDaniels* v. *Flower Brook Manf. Co.* 22 Vt. 274, is almost identical with this case. The granting part of the deed was, "The F. B. Manf. Co., by William Wallace, their agent, a corporation, &c., in consideration, &c., do give, grant," &c.; all the covenants were in the name of the corporation; the *testimonium* clause was, "In witness whereof, we have hereunto set our hand and seal," &c., and the deed was signed "W. W., agent for F. B. Manf. Co.;" and it was held that this sufficiently appeared to be the deed of the corporation, and to be executed in the name of the corporation.

In *Deming* v. *Bullett*, 1 Blackf. 241, *Blackford*, J., said, "A bond which sets forth that A. B., as agent for C. D., legally appointed for that purpose, binds the said C. D. to make a title;" and which was executed as follows: "A. B., (seal) agent for C. D., is the deed of C. D." provided the authority of A. B. is sufficient. C. D. is here alone bound for the performance of the covenants, and the bond is executed for him by his agent. In determining who are the

parties to a deed, as in ascertaining the nature and effect of it, we must have recourse to the whole of the instrument. Here the covenants in the deed explain the nature and effect of the signature and seal, and distinctly point to the intention of the parties. They show that the words agent, &c., were intended to explain that A. B.'s execution of the deed was not for himself individually, but for and in the name of him whose covenants are contained in it."

In *Hunter* v. *Miller*, 6 B. Mon. 612, 620, an instrument was described as "Articles of agreement, &c., between F. M., of the one part, and W. S. H., agent for T. T. and M. H. ;" and was sealed, "W. S. H., (seal) for T. T. and M. H.," but, in the body of the instrument, stated that the principals were to convey; it was decided not to bind the agent. And the court laid down the following very reasonable rule, that if it clearly appears on the face of the instrument who is intended to be bound, and if the mode of execution be such that he may be bound, he is bound; and if such appears to be the intention of the parties, he alone is bound.

In the case of *Decker* v. *Freeman*, 3 Greenl. 338, the material parts of a deed were, "The proprietors of P., by B. T., S. F., and J. H. J., a committee appointed, &c., in consideration, &c. And the said proprietors, &c., do covenant, &c. In witness whereof, the said proprietors, by their committee aforesaid, who subscribe this deed in the name and behalf of said proprietors, have hereunto set their hands and seals." It was signed by the three members of the committee, with a seal to each name.

The action was brought against the committee. The court speak of the rule laid down in *Elwell* v. *Shaw*, 16 Mass. 42, and says, " we are not disposed to extend it to cases fairly distinguishable. In the case before us," they say, " every part of the deed is in the name of the proprietors. They grant, they covenant. The committee do not act in their own name ; they act in the name of their principal, and that is all the law requires. The deed has three seals ; one would have been sufficient; but if the proprietors affixed their seal three times instead of once, we are not aware that the validity of the deed is thereby impaired. The committee did not profess to use their own seals, but the seals of the proprietors." The deed was held not the deed of the defendants. This case seems in all substantial respects similar to the present.

In equity, relief is given in cases where deeds are, by mistake, sealed and delivered in the name of the attorney, instead of the principal. An agreement, under seal, by an attorney for a principal, inoperative at law for want of a formal execution in the name of the principal, is binding in equity. *Vanada* v. *Hopkins*, 1 J. J. Marsh. 285, 296 ; *Banks* v. *Sharp*, 6 J. J. Marsh. 180 ; *Johnson* v. *Johnson*, 1 Dana 364 ; Story Agency 143, n. ; *Welsh* v. *Usher*, 2 Hill Ch. 167. The rules of construction of deeds are the same in equity as at law; and these decisions show that, by the fair application of those rules, untrammeled by decided cases, there is no difficulty in courts seeing who are the parties intended to be bound by an instrument executed by an agent, and that, whenever the intention

can be seen that the principal should be bound, the deed should be rightfully construed to bind him.

An objection is made to the acknowledgment. It is in this form : " Personally appearing, the above named D. C. F. and E. S. C. acknowledged the foregoing instrument to be their voluntary act and deed : before me," &c. The signatures of French and Calley being expressly made in their official capacity as president and treasurer, we think this objection has no reasonable foundation.

In the case of *McDaniel* v. *F. B. Manf. Co.*, before cited, the acknowledgment was, " Personally appeared W. W., agent of the F. B. M. Co., signer and sealer of the above written instrument, and acknowledged the same as his free act and deed," it was held that it sufficiently appeared that the acknowledgment was made on the part and behalf of the corporation. See *Gordon* v. *Preston,* 1 Watts 385. In *Lovett* v. *Steam Saw-Mill,* 6 Paige 69, it was held that, where a deed of a corporation is executed by an attorney properly authorized, he may properly make the acknowledgment to entitle it to be recorded. And in *Flint* v. *Clinton Co.*, 12 N. H. 430, it was held that, where the statutes provide that the person making an assignment shall make oath that he has placed in the hands of the assignee all his property, of every description, the oath of the agent of the corporation who executed the assignment, that the company has placed, &c., was sufficient. We think the general practice has been to certify the acknowledgment of deeds executed by agents, in the form here adopted, that the agent acknowledged the instrument to be his free act and deed, though we can not but regard that form as liable to serious objections.

Corporations, like individuals, may use a seal with a peculiar device, if they have adopted such, or they may adopt for the occasion a seal of any device, or a paper and wafer without any mark. *Mill-Dam Foundery* v. *Hovey,* 21 Pick. 417, 428 ; *Porter* v. *A. & K. Railroad Co.,* 37 Me. 357 ; Com. Dig., Fait, A, 2 ; *Bank of Middlebury* v. *R. & W. Railroad,* 30 Vt. 159 ; *Davis* v. *Brown,* Belk. 1859 ; *South Baptist Society* v. *Clapp,* 18 Barb. 49 ; *Reynold* v. *Trustees,* 6 Dana 37. If they have adopted a peculiar seal, it may be proved to be their seal by any one who is acquainted with the device or motto. *Moses* v. *Thornton,* 8 D. & E. 303 ; *Chadwick* v. *Bunning,* R. & M. 306 ; *Anon.,* 12 Mod. 423 ; *Lisune* v. *Villegas,* 7 S. & R. 313 ; *Jackson* v. *Pratt,* 10 Johns. 381 ; 2 Halst. 352. When thus proved, it will be presumed to have been properly affixed ; and the burden is on any party opposed, to show that it was used without proper authority. *Reed* v. *Bradley,* 17 Ill. 321 ; *Brounker* v. *Atkins,* Skin. 2 ; *Hoyt* v. *Thompson,* 1 Seld. 335.

In the present case, it is shown and admitted that the defendant corporation have adopted a seal of some device, the nature of which is not proved ; but the mortgage here in question is sealed with the ordinary paper and wafer seal, without any impression whatever ; and the rule before stated has, therefore, no application. No proof can identify the seal as that of the defendants, by its device. In such case the course of proof is to show that the actual seal was affixed as a corporate seal, by some officer, agent, or other

person duly authorized.   *Odiorne* v. *Tunis,* 1 Dutcher 633.   And proof that the deed was executed by a proper officer or person duly authorized, is *primâ facie* evidence that the seal affixed is the seal of the corporation.   *Phillips* v. *Coffee,* 17 Ill. 154 ; *Flint* v. *Clinton Co.,* 12 N. H. 430 ; 21 Pick. 428 ; Ang. & Am. Corp. 195 ; *Reynolds* v. *Trustees,* 6 Dana 49 ; *Stebbins* v. *Merritt,* 10 Cush. 34 ; *Bank* v. *Railroad,* 30 Vt. 159.

The power to execute deeds may be conferred, with other power to transact the business of the corporation, by the charter or by-laws, or by vote of the corporation, or by vote of the directors, where the general charge of the affairs of the corporation is confided to the directors ; and of these, proof must be given.   If the power is conferred on a certain officer or officers, the signers must be shown to hold those offices.

In the present case, it is shown by the charter that the corporation had power to choose officers, and to prescribe their duties, and, by the by-laws, that the president, treasurer, and three directors should constitute a board of directors, who should have power to buy or sell real estate, and a majority of them should be a quorum for the transaction of business ; and that all deeds and transfers of real estate from the company should be signed by the president and treasurer, in their official capacity, in behalf of the company.

It appeared that French and Calley, who signed the mortgage in question as president and treasurer, then held those offices, and that the note and mortgage were known and assented to by a majority of the directors, on or soon after the day of their execution, and were passed over to the plaintiffs by the general agent of the corporation, who was one of the directors.   As the mortgage was not complete till delivery, we have here three of the directors—all required to make a quorum—distinctly assenting to and taking part in its execution.   This is a sufficient compliance with the by-law, and proves the signatures to have been affixed by agents properly authorized ; and that is sufficient *primâ facie* proof of the adoption of the seals.   But, in addition to this, it is shown that the note was signed by six of the seven existing members of the corporation, among whom must have been one or more of the directors, and, if the party who did not sign was not a director, then of two more of the directors, being the whole number.   The existence of the note and mortgage, which were of even date, was well known to all the directors and stockholders, and no objection or dissent to either, by any one, appears.   This would be competent evidence of the approval and ratification, not only of all the directors, but of the whole corporate body.

It has been held here that the directors of a corporation may bind the corporation by a major vote of those present at a regular stated meeting, or at a special meeting, of which all have been notified, if a quorum be present.   *Despatch Line* v. *Bellamy Co.,* 12 N. H. 205.   And if by charter a certain number are made a quorum, the corporation is bound by the concurrence and consent of that number at a casual meeting, without notice, unless notice is required by the by-laws.   *Edgerly* v. *Emerson,* 23 N. H. 555.

In Vermont, it is held that the directors, in the absence of restriction in the charter or by-laws, have all the authority of the corporation, in the conduct of its ordinary business. And it is not important that this authority be exercised at a meeting of the directors, unless that is the usual mode of doing such acts. If they adopt the practice of giving a separate assent to the execution of contracts by their agents, it is of the same force as if done at a regular meeting of the board. 30 Vt. 170; *Foote* v. *Railroad*, 37 Vt. 637. In the cases cited in this State, a doubt was expressed upon this point; but we think it is competent evidence for a stranger, of the concurrence of a quorum of a board of directors, to show their acts of assent separately.

The instructions and rulings of the court being at variance with our conclusions, the verdict must be set aside, and a new trial granted.