Judge Ewing
delivered the Opinion of the Court.
B. G. Willis and William Willis made an exchange of .slaves, in the lifetime of the former, by which the latter exchanged a boy, with the former, for a girl. The possession of each remained with their former owners, as their mothers were owned by them. The girl died, and B. G. Willis died. And, after their deaths, William Willis gave the boy to his grandson, and delivered him to his father, the defendant, for his use.
The administrators of B. G. Willis brought an action of detinue against the father, for the boy, and declared in two counts, one on the possession of their intestate, the other on their own possession, as administrators.
On the trial, the Court, though moved by the defendant’s.counsel, refused to instruct the jury that, if they believed that possession of the boy was never delivered by William Willis to the intestate, they must find for the defendant. And a verdict having been found, and judgment rendered thereon, in favor of the plaintiffs— after an unsuccessful motion for a new trial — the defendant has appealed to this Court, and seeks a reversal on two grounds:—
1. That the Court erred in refusing the instruction asked.
2. That the plaintiffs, by failing to prove that they were administrators, have failed to make out their title.
First. So soon as a bargain of sale of personal goods is struck, the contract becomes absolute, without actual payment or delivery, and the property and risk of accident to the goods, vest in the buyer. 2 Kent's Com. 492. And we can perceive no difference in principle as to the rights of the parties, in the case of an exchange. It is said in Long on Sales, first page, that the principles of law by which contracts of both kinds are regulated, are precisely the same.
*49 But, though the vendee, in the case of a bargain of sale, acquires the right of property in the thing sold, yet the payment of the price is a precedent ■ condition implied in the contract, the payment, or tender, of which, alone entitles him to the possession. And, according to this rule, it would seem proper that the exchangee should deliver, or tender a delivery, of possession of the thing ■given in exchange, as a precedent condition to his right to the possession of the thing to be received: and as neither could maintain detinue without right of possession, it would follow that neither could sustain his action, without a previous tender of payment, or tender of possession of the thing to be given in exchange.
But this principle is based upon the idea of an implication in the contract, that something is to be done on the part of the bargainee, or exchangee, before he is entitled to the possession.
Hence it is laid down, that, if goods be sold upon credit, and no time fixed for the delivery of possession, the vendee is immediately entitled to the possession; and the right of possession, as well as right of property, vests Immediately.
If, therefore, it be deducible from the terms of the contract, that no formal exchange, or delivery of possession, is to be made on either side, nothing is to be done by either to complete the bargain, and the right of possession, as well as right of property, vests immediately. If the vendee, or exchangee, has done all he un- ^ iii o ? dertook to do, then, it would seem, his right of possession is complete, and no impediment exists to his right of action.
It seems to be evident, in the case under consideration, that neither was bound to make a formal delivery of actual possession to the other.
The slaves were small, and the former owners of each were the owners of their mothers,' and they were per *50 mitted mutually to remain with their mothers. Each seemed to be permitted to remain in possession, as quasi bailee for the other, without limitation as to time when the possession might be taken, or any thing to be done to entitle either to the possession.
Where a condi-tion becomes impossible by the act of God, the obligation is saved. And this .principle would apply to the case .supra.
Proof that a plt’f in detinue, is adm’r, is notnecessary, where he counts on the intestate’s posses sion, unless it is • denied by plea.
The right of property and right of possession, therefore, vested immediately, and the risk devolved on each of the owners.
Again: it is said, if a condition becomes impossible by the act of God, of the law, or of the obligee, the obligation is saved. 3 Cornyn’s Digest, 96 D 1, 99 D 7. So that as the right of property passed by the exchange, if there could be implied, in the terms of the contract, a simultaneous or precedent condition, mutually, to deliver possession, at or anterior to the right to demand possession — as the condition has become impossible, by the act of God, the delivery of possession was excused, and the right of possession, and consequent right of action, became absolute. So that, in either state of case, the instruction was properly overruled by the Circuit Court.
Second. Though it may be requisite for administrators, declaring, on their own possession and right of property, as fiduciaries, to prove that they are administrators when non-detinet is pleaded, yet, upon a count on the possession of their intestate, it is not necessai’y, if no plea be put in denying their character.
In this case, there being a count on the possession of their intestate, as well as on their own, the proof was •not necessary.,
The judgment of the Circuit Court is affirmed, with costs.