## Bradley *v.* Michael.

To sustain replevin the plaintiff must have the right to the possession of the property replevied.

A. contracted with B. for a lot of cattle, and paid a portion of the purchase money, and took part of the cattle away on the day of purchase, and was to return and pay another portion of the amount and take the remaining cattle; he returned, but did not pay the money as agreed, and B. refused to let him have the cattle. *Held*, that the right of possession was in B., and A. could not maintain replevin until he had made a tender of the stipulated balance to be paid, which was a condition precedent.

Nov. Term,
1849.

BRADLEY
v.
MICHAEL.

Friday,
December 7.

ERROR to the *Johnson* Circuit Court.

PERKINS, J.—*Michael* sued *Bradley* in replevin for a lot of cattle. The defendant pleaded the general issue and property in himself. Issues of fact were raised and submitted to the Court for trial. Judgment for the plaintiff. Motion for a new trial denied. The evidence is upon the record.

The plaintiff below claimed the cattle under a purchase from the defendant. The defendant refused to surrender them to the plaintiff upon the claim of a lien for unpaid purchase-money. The evidence seems to us to establish the following facts: *Bradley*, the defendant below, a resi-- dent of *Johnson* county, had sixteen head of fat cattle. *Michael*, a butcher of *Indianapolis*, the plaintiff below, purchased the cattle for 400 dollars, and as much more as they should come to at 4 cents a pound, when weighed, after being slaughtered, at *Indianapolis*. He paid 350 dollars down and took away with him to *Indianapolis*, six of the cattle on the day he made the purchase. He was to return in a few days for the remainder, and was to pay an additional 50 dollars, to make up the sum of 400 dollars, on receiving the cattle. He returned, as per agreement, but did not take with him the 50 dollars. *Bradley* refused to part with the cattle without receiving the money. *Michael* brought replevin, and, as we have said, recovered. This was wrong. Although, by the contract of purchase, the property in the cattle passed into *Michael*, the right of possession to the ten in controversy in this suit did not, and would not till payment or tender of the 50 dollars stipulated to be paid on their delivery. The payment of that sum was a condition precedent to *Michael's* right to possession. *Bradley* had a lien on the cattle for it. Bell's Contract of Sale, 15.—Chitt. on Cont. 374, 375. To sustain replevin, the plaintiff must have a right to possession of the property replevied.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*F. M. Finch*, for the plaintiff.
*W. Quarles*, for the defendant.