Henline *v.* Hall.

By the common law, a parol contract for the sale of chattels is valid; and the statute of frauds changes that rule only as to sales amounting to more than 50 dollars.

May Term,
1853.

HENLINE
v.
HALL.

*A.* sold a colt to *B.*, by parol, for 20 dollars, the parties agreeing that the colt should run with the mare, which belonged to *A.* and was in his possession, until it was weaned, when it should be delivered to *B.*, who was then to pay the price stipulated. When the colt was weaned, *B.* tendered the 20 dollars, in specie, and demanded the colt. *Held*, that the contract vested the property in *B.*, and placed it at his risk, from the moment when the bargain was closed, without any actual payment or present delivery; and, that *A.*, from the time when the contract was made until the delivery of the colt to *B.*, was a bailee.

*Thursday,
June 2.*

ERROR to the *Wells* Circuit Court.

ROACHE, J.—*Hall* commenced an action of replevin against *Henline* before a justice, for a colt of the alleged value of 25 dollars. The case was taken to the Circuit Court by appeal, where there was a jury trial, and a verdict and judgment for the defendant in error. The evidence was all spread upon the record by a bill of exceptions.

From the evidence, it appears that sometime before the commencement of the suit, *Henline* sold the colt to *Hall* for 20 dollars. It was further agreed that the colt should run with the mare, which belonged to *Henline* and was in his possession, until it was weaned, at which time it should be delivered to *Hall*, who was at that time to pay the price stipulated; that when the colt was weaned, and before the commencement of this suit, *Hall* tendered the price agreed on, 20 dollars, in specie, and demanded the colt. *Henline* refused either to receive the money or to allow *Hall* to take the colt. The contract was by parol.

Upon this state of evidence, the Court gave the following instructions to the jury:

1. "If you believe, from the evidence in this case, that a bargain of sale was made for the colt between the plaintiff and defendant, that the price for and time of delivery of the colt was agreed upon, and time of payment fixed, it was sufficient in law to pass the property.

2. "If the plaintiff at the time by the bargain of sale that the money was to be paid and colt delivered, tendered the money in gold or silver—the amount stipulated by such bargain of sale to be the price—and made a de-

mand of the colt, it gave him, the plaintiff, the right of possession as against the defendant."

No brief has been filed by the plaintiff informing us in what the error complained of consists.

We are of opinion that the instructions are correct. There is no conflict in the testimony. The contract was clearly proved, and all its terms and conditions were definite and distinct.

By the common law, a parol contract for the sale of chattels was valid. The statute of frauds changes that rule only as to sales exceeding in value 50 dollars. The price of the colt agreed upon being less than that sum, the contract is not affected by the statute, and is as valid as if it had been reduced to writing. Nor is this case to be assimilated to those in which it is held that the property was not changed because something remained to be done by the seller to the article sold. Upon looking into the cases on this subject, it will be found that the principle established by them is this: that under a parol sale of goods, there is no change of property if any act remains to be done by the seller to place the thing sold in a condition for delivery, as, for example, to ascertain the particular chattel, or to set apart the specified goods out of a quantity of similar kind, or to determine the number or quantity by measurement, &c. There would be no change of property until those acts were done. See *Whitehouse* v. *Frost*, 12 East 614.

In the present case nothing remains to be done by the seller for any of these purposes. The contract definitely fixed the price, the time for its payment, and designated the particular colt sold. This was sufficient to vest the property in the buyer, and place it at his risk from the moment the bargain was closed, without any actual payment or present delivery. In *Dixon* v. *Yates*, 5 B. and Ad. 313, it is said by *Parke*, J., that "the very appropriation of the chattel is equivalent to delivery by the vendor; and the assent of the vendee to take the specific chattel, and to pay the price, is equivalent to his accepting possession." From the conclusion of the contract until the

actual delivery of the colt, the seller, *Henline*, was a bailee. *Willis* v. *Willis*, 6 Dana 48.—*Crawford* v. *Smith*, 7 *id.* 59.

*Per Curiam.*—The judgment is affirmed with costs.

*D. H. Colerick and R. L. Walpole*, for the plaintiff.

*J. P. Greer*, for the defendant.