Sweeney *vs.* Owsley.

ERROR TO LINCOLN CIRCUIT.                          Case 10.

So soon as a bargain for the sale of personal property is struck, the contract becomes absolute, without payment or delivery, and the property is at the risk of the purchaser. If part of the price be paid when the bargain is struck, and no express stipulation as to the time of payment of the remainder, it is due upon delivery; if the seller is prevented from the delivery by the act of God, the price must nevertheless be paid.

Judge CRENSHAW delivered the opinion of the court.          June 14.

In August, 1853, Owsley purchased from Sweeney          Case stated.
a mule colt, at the price of $57 50, and paid five dollars in hand—nothing being said as to the time the balance should be paid—and the mule colt was to remain with the mare until weaning time. About the first of September the colt died in possession of Sweeney, never having been delivered. The question is, whether Owsley is bound to pay Sweeney the balance of the purchase money?

So soon as a bargain of sale of specific personal property is struck the contract becomes absolute, without actual payment or delivery, and the property and risk of accident to it is in the buyer. Nothing being said as to the time of payment of the balance of the consideration, we take it that this balance was to be paid on the delivery of the mule, and had it lived the vendor would not have been bound to surrender possession until payment. The vendor would have the right to an action for his money upon the delivery or tender of the mule, had it lived; and the vendee would have had a right to an action for the failure to deliver upon the tender of the money. Notwithstanding it may have been necessary, had the colt lived, that the vendor should have delivered or tendered it, before a right to demand the balance of the purchase would have attached, yet the colt having died he is excused from such condition. If a condition becomes impossible by the act of God, of the

So soon as a bargain for the sale of personal property is struck, the contract becomes absolute, without payment or delivery, and the property is at the risk of the purchaser. If part of the price be paid when the bargain is struck, and no express stipulation as to the time of payment of the remainder, it is due upon delivery; if the seller is prevented from the delivery by the act of God, the price must nevertheless be paid.

</div>

law, or of the obligee, the obligation is saved—6 *Dana*, 49–50.

We think there is no doubt but that the right of property in the mule passed by the bargain, and as the condition of delivery became impossible by the act of God, the delivery is excused, and the right of action absolute—6 *Dana, supra.*

If in the purchase of articles which from necessity or convenience are permitted to remain in the possession of the vendor, and the vendee wishes to avoid payment in case the property should perish before the time of delivery, he should stipulate to *that* effect.

The judgment of the circuit court is reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with the principles of this opinion.

Fox and BELL for plaintiff; BOYLE for defendant.