### WRIGHT v. MAXWELL.

The sale of a chattel is complete if the parties consent to deposit it with their common agent, with instructions to deliver it to the vendee when he pays the price agreed upon.

And where no time is fixed for such payment, it must be made within a reasonable time.

APPEAL from the *Benton* Circuit Court.

DAVISON, J.—The complaint charges that *Wright*, who was the defendant, was indebted to *Maxwell* 30 dollars, for

one and a half bushels of *Osage* orange seed, by him sold
and delivered to the defendant.   The justice of the peace
before whom the case was originally instituted, gave judg-
ment against the plaintiff, from which he appealed.    In
the Common Pleas, the cause was submitted to a jury,
who found for the plaintiff.   New trial refused, and judg-
ment.

*Pleasant Winston*, a witness examined on the trial, tes-
tified as follows:   In *May*, 1854, witness was a clerk in
*James Mix's* store in *Lafayette*.   *Wright* and *Maxwell*
came into the store, the latter having one and one-half
bushels of *Osage* orange seed in a bag, which he said he
had sold to *Wright* for 30 dollars.   It did not suit *Wright*
to pay, as he had not the money with him; but he was to
call in a few days and take the seed and pay the 30 dol-
lars.   *Maxwell* told witness to deliver the seed to *Wright*
when he should come and pay the money; but he was not
to have the seed until he paid for it.   It was left in wit-
ness's care, subject to *Wright's* order, on payment of the
30 dollars.   Ten days afterwards, *Wright* called at the
store, said he would in a few days pay for the seed and
take it away; but he failed to do so.   The seed remained
in *Mix's* store all summer, and was still there this spring.
*Wright* was not to have the seed delivered to him until he
paid for it, and he never paid for it.

This was all the evidence.   And the question to be con-
sidered is, does it sustain the verdict?

The appellant contends that, there being no delivery of
the property to the vendee, the sale was incomplete and
the action not maintainable.   We are not inclined to adopt
these conclusions.   Property in personal chattels may pass
by bargain and sale without delivery, unless, indeed, some
act remains to be performed by the vendor, such as weigh-
ing, measuring, or counting out of a common parcel.
Until this is done the sale would be incomplete.   Chit. on
Cont. 375, *et seq.*   But in the case before us, the property
sold was measured, its quantity distinctly ascertained,
and it was deposited by the parties with their mutual
agent, to be by him delivered to the vendee when he paid

for it. No act in performance of the contract of sale remained to be done by the vendor. And though there was no actual delivery, still the sale itself, without such delivery, passed the property in the article sold to the vendee. *Bradley* v. *Michael*, 1 Ind. R. 551.—*Fletcher* v. *Howard*, 2 Aik. 115.—8 Blackf. 325. True, the parties, in their contract, omitted to name a day of payment; but their omission to do so, allows the inference that the vendee agreed to pay the purchase-money within a reasonable time. And having suffered such time to elapse without payment, we perceive no ground upon which he can resist the plaintiff's action.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*R. A. Chandler*, for the appellant.

*H. W. Chase* and *J. A. Wilstach*, for the appellee.