No. 9011.

BERTELSON *v.* BOWER.

CONTRACT.—*Pleading.*—*Condition Precedent.*—*Performance.*—In pleading the performance of a contract, the statute (R. S. 1881, section 370) makes it sufficient to aver that the party has performed all the conditions on his part.

SAME.—*Sale of Personal Property.*—*Title.*—A contract, whereby A. agrees to buy all the spring lambs of B. at certain prices to be paid, the seller to pasture them till called for, passes title to the purchaser without specifically setting the property apart, and if, without fault of the seller, it suffers injury, the loss falls upon the purchaser.

SPECIAL FINDING.— *Practice.*—When the court finds the facts specially, stating separately its conclusions of law thereon, a party by excepting to the conclusions does not lose the right to move for a new trial.

From the Vanderburgh Superior Court.

*J. E. Williamson,* for appellant.

*C. Staser, C. Buchanan, H. C. Gooding* and *J. S. Buchanan,* for appellee.

ELLIOTT, C. J.—Appellant argues at much length that the complaint is insufficient, because it does not show performance by appellee of his part of the contract upon which the action is founded. The complaint substantially adopts the language of the statute and alleges that the plaintiff performed all the conditions of the contract on his part. R. S. 1881, section 370. The code expressly declares that such an allegation shall be sufficient. *Lowry* v. *Megee,* 52 Ind. 107.

The court made a special finding at the request of the appellant. The material facts stated in the finding are these: In March, 1879, a verbal contract was entered into between the parties, wherein the appellant agreed to buy of appellee his spring lambs, one hundred and twenty in number, the price of the first fifty delivered to be $2.25 each, the price of the second fifty to be $2 each, and that of the remainder to be $1.50 each; the contract further provided that the appellee should keep the lambs on good pasture until called for by appellant; that the latter should take each week such a num-

ber as he needed, but all to be taken by him before the 1st day of September, 1879. It was also provided that the appellee was not absolutely bound to deliver the last lot of twenty, but if he so elected the appellant was bound to take them. The lambs bought by appellant were not specifically set apart or designated, but it was the agreement that they should all remain with the appellee's flock of sheep until called for from time to time by appellant. Appellant inspected the places where the lambs were to be kept, and also examined the lambs purchased. Pursuant to the contract the appellant during the months of May and June went to appellee's farm, received and took away twenty-three of the lambs, and paid to appellee fifty dollars. Appellant refused to accept any other lambs. Appellee fully performed his part of the contract, but the lambs, from some unknown cause not attributable to any fault or wrong of the appellee, became unfit for the market, and for the purpose for which they were purchased.

Appellant's counsel says that the case presents this question: "If personal property the subject of an executory contract of sale, in the absence of warranty, sustains damage without the fault of either party to the contract, before the title passes, by whom shall the loss be borne, bargainor or bargainee?" This question is, as counsel affirms, easily answered. Nobody doubts that where no title has passed the seller, and not the buyer, must bear the loss.

The rule expressed in the answer to the question is, however, far from disposing of the case. The material question is, did the title pass? Where any act remains to be done before the sale is complete the title remains in the seller and he must sustain the loss caused by injury to the property. In the present case no act remained to be done. All that was necessary to complete the sale was done.

The case is entirely unlike the sale of certain articles out of a large number. Here the sale was of all the spring lambs owned by the appellee. There was no setting apart to

be done. There was no act of separation to be performed. There was no necessity for any counting or weighing, or for any similar acts.

The fact that the appellee was to retain possession of and pasture the lambs, did not change the character of the transaction. It was none the less a sale because the seller agreed to care for the property. It was just as competent for the parties to agree that the seller should hold possession as bailee, as for them to agree that anybody else might do so. This rule is well supported. *Henline* v. *Hall*, 4 Ind. 189; *Cloud* v. *Moorman*, 18 Ind. 40; *Scott* v. *King*, 12 Ind. 203; *Marble* v. *Moore*, 102 Mass. 443; Benj. Sales (3 Am. ed.), sections 315, 316, 317, authorities *n.* In *Lester* v. *East*, 49 Ind. 388, it was said: "There is no doubt that a sale of personal property may be complete, so as to pass the title without a delivery." *Ramsey* v. *Kochenour*, 8 Blackf. 325; *Bradley* v. *Michael*, 1 Ind. 551; *Wright* v. *Maxwell*, 9 Ind. 192; *Sherry* v. *Picken*, 10 Ind. 375; *Davis* v. *Murphy*, 14 Ind. 158.

Appellant's counsel asks us to examine the evidence. The appellee controverts our right to do this, and insists that the appellant is precluded by his exceptions to the conclusions of law. We are referred by appellee to the cases of *Dehority* v. *Nelson*, 56 Ind. 414; *Hartman* v. *Aveline*, 63 Ind. 344; *Wharton* v. *Wilson*, 60 Ind. 591. From the case first cited this quotation is made: "By excepting to the conclusions of law of the court, drawn from its findings of the facts, the party excepting admits such facts to have been fully and correctly found."

Counsel have given these cases an erroneous construction. They do not decide that a party who excepts to conclusions of law precludes himself from moving for a new trial. They simply decide that the exception admits, for the purposes of the exception, the truth of the propositions of fact stated by the court. An exception to the conclusions of law does not cut off a motion for a new trial. If a party desires to bring in review the finding of the court upon questions of fact, a

motion for a new trial, upon the ground that it is not supported by or is contrary to the evidence, is the appropriate proceeding. *Robinson* v. *Snyder*, 74 Ind. 110.

We have examined the evidence, and we think it fairly sustains the finding.

Judgment affirmed.

Opinion filed at November term, 1881.

Petition for a rehearing overruled at May term, 1882.