## STEPHEN RACE
### v.
## PETER HANSEN ET AL.

1. SALE.—Where the subject of a contract was a certain cow and the bargain was struck and consideration paid, but an arrangement was made by which the cow was to remain in the pasture where she was, for a specified time. *Held*, that by the contract of sale and payment of the consideration, the property in the cow passed from the seller to the buyer, and from that time the cow was wholly at the risk of the latter, the former being liable only for want of ordinary care or bad faith as bailee.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed April 24, 1883.

Messrs. MONK & ELLIOTT, for appellant; that as between the parties, the sale of a specific chattel is complete when the bargain is struck, cited Benjamin on Sales, § 315; Dixon v. Yates, 5 A. & E. 313–340.

The risk of loss or injury attends the title, not the possession: Barrow v. Window, 71 Ill. 214; Betetston v. Bower, 81 Ind. 512; Terry v. Wheeler, 25 N. Y. 520.

As to delivery: Means v. Williamson, 37 Me. 556.

Mr. A. B. JENKS, for appellees.

McALLISTER, J. The action was brought in justice's court by Hansen and Pheiffer, against Race, to recover the value of or the consideration paid for a cow. On appeal to the circuit court, the case was tried by jury resulting in a verdict and judgment for plaintiff for forty-five dollars, to reverse which the record is brought to this court. The bill of exceptions contains all the evidence, from which it appears that the plaintiffs were butchers near by, and the defendant the owner of a fat cow, which was kept in the pasture of a third party. One of the plaintiffs, Pheiffer, with a view of buying the cow, went with the defendant to the pasture where the cow was, examined her, and inquired of defendant his price. On being told that it was forty-five dollars, Pheiffer said he would take her, and paid to defendant the price; not being ready then to take the cow away, Pheiffer asked if she could not remain there a few days, until he was ready to take her away. Defendant stated that he would prefer she should be taken then, but finally consented that she might remain not to exceed three days. Pheiffer came for the cow the next day, and she was gone, and nowhere to be found. The evidence is undisputed, that the fence around the lot where the cow was, was reasonably sufficient and secure. There was no evidence tending to show that the cow was removed from the pasture, or disposed of by the defendant, or by any other person, through his direction, permission, or authority, or tending to show any negligence or the fault on the part of the defendant or any agent or servant, in respect to the cow, while so left in said pasture after the sale.

The subject of the contract being a specific article, when the bargain was struck, and the consideration paid, the transaction became a completed sale which passed the property,

and with it the risk, from the seller to the buyer, notwithstanding the arrangement that the cow might remain in the pasture where she was for a specified time.    Tarling v. Baxter, 6 Barnw. & Cres. 3C0; Terry v. Wheeler, 25 N. Y. 520; Pleasants v. Pendleton, 6 Randolph, 473; Betetston v. Bower, 81 Ind. 512; Barrows v. Windows, 71 Ill. 214.

By the contract of sale and payment of the consideration, the property in the cow passed from the defendant to the plaintiffs, so that from that time she was wholly at the risk of the latter, the former being liable only for want of ordinary care or bad faith as bailee, which contributed to the loss complained of.    There was no evidence in the case tending to prove any want of care or bad faith on the part of the defendant in respect to this property, and consequently no cause of action was shown.    For that reason the judgment below must be reversed.

Judgment reversed.