The Currie Fertilizer Company *v.* Byfield *et al.*

No. 896.

THE CURRIE FERTILIZER COMPANY *v.* BYFIELD ET AL.

PRACTICE.—*Conflicting Evidence.—Appellate Court Practice.*—Where the evidence is conflicting, it is the province of the jury to weigh and determine the same, and the appellate tribunal will not disturb the finding on the weight of the evidence.

GUARANTY.—*Acceptance and Action Upon.—Evidence.—Inference.*— Where the guarantee fails to express his acceptance of the guaranty, and further and other security by way of indorsement is demanded, and the guarantee stated that the shipment was made in reliance upon an agreement for indorsees on the notes to be given in payment, the inference may fairly be drawn that the guarantee never did accept and act upon the guaranty.

Opinion on petition for a rehearing by GAVIN, J.

From the Jennings Circuit Court.

*C. A. Korbly* and *W. O. Ford,* for appellant.
*J. Overmyer* and *F. E. Little,* for appellees.

GAVIN, C. J.—This was a suit against appellees upon the following instrument:

"SEPTEMBER 8, 1888.

"For and in consideration of one dollar to us in hand paid, the receipt of which is hereby acknowledged, we do hereby guaranty the performance of, and acknowledge ourselves personally bound for the faithful performance and fulfillment of, all agreements between the Currie Fertilizer Company, of Louisville, Ky., and Spencer & Dodd, of Paris Crossing, Ind.

"JOHN C. BYFIELD.
"JOHN M. DIXON."

Appellants had, prior thereto, contracted with Spencer & Dodd to handle only their goods, and to thoroughly canvass the territory given them, goods to be settled for by notes, no security being required.

After Spencer & Dodd had throughly canvassed their territory, and sold or contracted some eight car loads of

the fertilizer, they commenced in September to order goods. After some delays and excuses for nonshipment, appellants finally refused to ship any goods without being made safe.

After considerable correspondence, appellants wrote Spencer & Dodd that they wanted "a written statement from one or more responsible men to the effect that they will be responsible for what debts you contract in dealing with us. We shall not ship you any goods until our request is complied with and we have investigated the standing of your sureties."

Upon the 9th or 10th of September, Spencer took the instrument sued on, and delivered it to appellant, who shipped three car loads, and sent notes therefor, dated September 10th, which Spencer & Dodd signed and returned. Immediately upon receiving them, appellants set up a claim for their indorsement by appellees. This was refused by Spencer & Dodd, as not required by any contract or agreement made by them. Appellants asserted that by some arrangement made subsequent to the original contract, they were entitled to indorsers, and announced their determination to ship no more goods unless they received them, and the indorsement not being forthcoming, they filled no more orders. This suit is to recover the price of the three car loads shipped.

Upon the trial, the jury found for the defendants.

Appellants made a motion for new trial, which was overruled, with an exception, and this ruling is assigned for error.

The sole question presented is as to the sufficiency of the evidence.

Appellant's counsel have, in a very clear and logical brief, presented various legal questions as to the proper character of the contract sued on. In these they would appear to be correct, but we are unable to agree with the

counsel that these legal propositions are determinative of the cause.

There still remain to be passed upon the questions of fact presented by the pleadings as to whether appellants ever accepted and acted upon this guaranty. If they did not, no liability can exist in their favor against appellees.

While there is a large portion of the evidence pointing in this direction, there are some facts and circumstances which might justify a different conclusion. The only purpose of the execution of this guaranty upon the part of appellees was to procure the delivery, not of part, but of all of the fertilizer sold by Spencer & Dodd.

When the guaranty was delivered to appellant, her officer did not, according to Spencer's evidence, express his satisfaction with it, nor his acceptance of it. He merely took it and said he would investigate it. At the same time stating, unconditionally, that "Your three cars are loaded and stand on the switch," and that they would ship them immediately. The invoices were made out on the 10th, and the notes inclosed dated upon that day, the three cars being received a few days later. Immediately upon the return of the notes signed by Spencer & Dodd, appellants demanded that they be indorsed by appellees, claiming that this was the contract with Spencer & Dodd, which they denied. Upon failing to obtain these indorsers, appellants refused to carry out the contract.

In the suit upon the notes, in answer to Spencer & Dodd's counterclaim for damages resulting from appellant's failure to deliver the remainder of the goods, appellants set up that they shipped these three car loads upon Spencer & Dodd's verbal agreement to give indorsees, and sought to justify their refusal to carry out the contract by Spencer & Dodd's failure to comply with

The Currie Fertilizer Company *v.* Byfield *et al.*

this agreement for indorsers. From the failure of appellants to ever express their acceptance of the guaranty, either to Spencer & Dodd or to the appellees, coupled with their statement that the cars were already loaded, and would be shipped immediately, and their subsequent assertions that the cars were shipped in reliance upon an agreement for indorsers, which this contract of guaranty certainly was not, from their immediate demand for something more than this guaranty contract gave them, and from their repudiation of any fulfillment of the contract for want of the indorsement, the jury evidently found that appellants never did accept and act upon this guaranty.

In this view of the evidence, we can not say they were wrong, keeping in mind the oft repeated rule that it is the province of the jury to determine conflicts of evidence. Appellant's continued demand for something more than this guaranty gave them, and their immediate refusal to rely upon the guaranty and perform the contract, do not seem to be consistent with their *bona fide* acceptance of the guaranty and their reliance thereon.

In the presentation of the evidence and facts in this case, we have not undertaken to do more than set out sufficient of those most favorable to appellees, to show that the jury were not without some evidence, direct or circumstantial, upon which to base their verdict.

This being the case, we are not permitted to weigh the evidence, but must yield to the finding of fact made by the jury. *Coon* v. *Cronk,* 131 Ind. 44.

Judgment affirmed.

Filed June 7, 1893.

## On Petition for a Rehearing.

Gavin, J.—If it were conceded that appellant's acceptance of the guaranty was sufficiently proved by the

evidence, appellant's position would not be aided, because the evidence would still be sufficient to support the verdict of the jury, that the guaranty had never been acted upon by appellant.

In the complaint is found the express allegation that the goods were shipped and sold upon the execution of this obligation. The mere execution and delivery of the guaranty were not sufficient to create a liability unless the goods were sold and delivered in reliance thereon. This was the only consideration for its execution, and without it there was no enforceable obligation.

Appellees were not, by the recital of a nominal consideration, estopped to show that there was no consideration. *Levering* v. *Shockey*, 100 Ind. 558.

It was essential to appellant's recovery, that the evidence should show both acceptance and action by appellant upon the guaranty. If the possession and production of the guaranty proved the one, the lack of the other was none the less fatal.

Counsel say, in their petition: "It will not do to take an isolated sentence or paragraph out of appellant's answer to the counterclaim, but the whole of it must be taken."

This rule is correctly stated, and should be applied, also, to the consideration of the original opinion of the court in this cause.

The question for determination is not whether each fact or circumstance referred to in the original opinion is sufficient, separately and standing alone, to warrant the conclusion reached, but whether all taken together will justify it. We did not overlook the many facts recited by counsel favorable to appellant's views and theory of the case. They were not set forth in the opinion, because, if there were facts proven such as (when considered with the reasonable inferences to be drawn there-

from) tended fairly to support the verdict, then we were not permitted to disturb it, however much the other facts in the case may oppose it, it being the law, as established by many decisions, that the Appellate Court does not weigh the conflicting evidence, but abides by the determination of the jury thereon. We have given to the evidence a careful reëxamination in the light of of appellees' petition for a rehearing, but are still satisfied that the verdict can not be disturbed.

The petition for a rehearing is overruled.

Filed Feb. 16, 1894.