Leffler *v.* Watson *et al.*

No. 1,643.

## LEFFLER *v.* WATSON ET AL.

APPELLATE COURT PRACTICE.—*Sufficiency of Evidence.*—The appellate tribunal will view the evidence in the light most favorable to the appellee; and if, when so regarded, there be some evidence fairly sustaining every material fact essential to the recovery, the appellate court will not interfere with the finding of the trial court.

BAILMENT.—*Sale of Bailed Goods by Bailee.*—*Title.*—*Estoppel.*—A having countermanded an order of goods from B, and notified B that he could not accept the goods and held them subject to his (B's) order, and B having acquiesced in this proposition, and requested A to hold the goods for him until he could dispose of them, A held the goods simply as bailee for B, and had no power to sell them, and could convey no better title than he held as bailee, in the absence of facts creating an estoppel.

SAME.—*Title.*—*Delivery.*—If the title to the goods ever passed to the vendee, no actual delivery was necessary to repass it to the vendor.

EVIDENCE.—*Decedent's Estate.*—*Transactions with Decedent.*—*Estate Not Involved.*—Evidence by a party to the suit, as to transactions with a deceased person, is admissible where the decedent's estate is not involved in the controversy.

SAME.—*Lost Letter.*—*Preliminary Proof.*—*Proof of Contents.*—Even though the preliminary .proof of the loss of a note is sufficient, if the loss is sufficiently made to appear subsequent to the parol proof of its contents, there can be no harmful error, where there is nothing to indicate the existence of copies or duplicates.

REHEARING.—*Petition Confined to Questions Presented on Original Hearing.*—Errors not presented in the original hearing are waived and cannot be raised for its first time on petition for rehearing.

From the Madison Circuit Court.

*W. S. Diven* and *B. McMahon*, for appellant.

*W. A. Kittinger*, for appellees.

GAVIN, J.—Action in replevin to recover four barrels of whisky shipped by appellees to Simonds & Co., and by them sold to appellant, from whom they were replevied by appellees.

The insufficiency of the evidence is earnestly presented by counsel, but their argument, while strong and forcible, is applicable rather to the trial court than to the appellate tribunal. Here the rule is thoroughly established that we, must view the evidence in the light most favorable to appellees, and if, when so regarded, there be some evidence fairly sustaining every material fact essential to their recovery we cannot interfere with the finding of the trial court, even though, as here, the preponderance of the evidence appear with the appellant. *Currie, etc., Co.* v. *Byfield*, 9 Ind. App. 180.

There is in this case evidence to show that Simonds & Co. bought of appellees five barrels of whisky on these conditions: one to be shipped immediately and the other four about March 25, provided the first gave satisfaction. The first barrel was duly received, and on March 25th or 27th the other four were shipped. Prior to this, however, Simonds had written and mailed to appellees a letter directing them not to send the four barrels. In reply to this letter appellees wrote that they were very sorry but it was not received until after the shipment, and directed Simonds to take care of the goods until they heard from them. Shortly after the receipt of the four barrels Simonds wrote appellees that he could not accept this whisky and held it subject to their order.

They thereupon wrote Simonds & Co. to hold the goods for them until their traveling agent could come to Anderson and make disposition of them.

The whisky remained in the hotel run by Simonds & Co. until in May, when they sold to appellant the hotel and contents, including the property in controversy. Appellees' agent had in the meantime been to Anderson to remove the whisky, but found one of the Simonds firm dead and the other too sick to attend to business, and therefore deferred getting the whisky. While there

are many circumstances militating against appellees' claim, it seems to us clear under these facts that Simonds & Co. having first countermanded the order, and then notified appellees that they could not accept the goods and held them subject to their order, and appellees having acquiesced in this proposition and requested them to hold the goods for them (appellees) until their traveling man could come and dispose of them, Simonds & Co. held the goods simply as bailees for appellees, and without any claim or right of ownership therein. Thus holding them they could not sell them to appellant and convey to him any better title than they themselves possessed in the absence of facts creating an estoppel. *Payne* v. *June*, 92 Ind. 252.

This is not a case where one party comes into court asking its aid to enable him to rescind a contract in whole or in part. If we were to regard the contract as absolute and then rescinded, the rescission was completely agreed upon and executed by the parties themselves, it was *fait accompli.* If the title to the goods ever passed to Simonds & Co., no actual delivery was necessary to repass it to appellees. *Bertelson* v. *Bower*, 81 Ind. 512; *Wright* v. *Maxwell*, 9 Ind. 192; *Henline* v. *Hall*, 4 Ind. 189.

There was no error in permitting appellees to testify to the transactions with Simonds & Co., although both members of that firm were dead. Their estates were not represented in this suit in any way. The case of *Durham* v. *Shannon*, 116 Ind. 403, conclusively decides this point against appellant.

Taking the evidence altogether, the loss of the letter, whose contents were proved by the bookkeeper, was sufficiently established. If it were true that the preliminary proof was insufficient the subsequent evidence accounted for the letter fully, so that in no event could

there have been any harmful error in the court's ruling. *Willison* v. *McKain,* 12 Ind. App. 78 ; *Rowell* v. *Klein,* 44 Ind. 290.

There was nothing in the evidence to indicate the existence of any duplicates or copies.

The answer to question 14 of Romain's deposition is not liable to the objection urged. It does not purport to give the contents of the letter.

The record does not show any objection made to the testimony of Edward H. Watson, that appellees were the owners of the goods, save that he was incompetent to testify by reason of the death of the members of the firm of Simonds & Co. As to this proposition, we have already ruled.

We have considered all the objections discussed by counsel and find no cause for reversal.

Judgment affirmed.

Filed June 11, 1895.

## On Petition for Rehearing.

GAVIN, J.—Counsel for appellant, in vigorous and acrimonious language, ask a rehearing.

It is asserted most positively that the statement of facts made by the court is incorrect and without support from the evidence in various particulars. First, in stating that one barrel was to be shipped immediately and the other four about March 25th, provided the first gave satisfaction. Yet, not only is there evidence clearly sustaining the statement, but in their own original brief appears the following, after referring to certain evidence : "This, we think, clearly shows that he sold these goods to L. W. Simonds & Co. on the contract as stated ; that one barrel was to be shipped at once and the other four barrels about March 25th, with but this one condition, namely : that the first barrel so shipped

gave satisfaction." In the light of counsel's own state-ment it is difficult to perceive the inaccuracy in ours.

Complaint is also made that we said: "Prior to this, Simonds & Co. had written and mailed a letter directing them not to send the fourth barrel." In discussing this, as also other points, counsel fall into the error of viewing that part of the evidence most favorable to themselves and of ignoring or disregarding that to which we are bound to give effect, namely: the evidence most favor-able to appellees. Romain testified that this letter was written and mailed at 10 A. M. a day or so before the receipt of the goods, while George T. Simonds says it was written the day before the bill of lading was re-ceived.

Considering the distance from the point of shipment, the jury might well have found that this letter was written prior to the shipment, although the particular time, whether just before or after the shipment, is wholly immaterial in the view of the case taken by the court, which was that the rescission of the sale was a completed transaction through the letters written by each to the other. Whether there was one or two each way is im-material.

Counsel assert that they find "no evidence at all of the words used by the court" as to the contents of the letter written by Watsons to Simonds, and yet in the record, p. 41, lines 15-19, we find the evidence substan-tially and almost literally as set forth in the opinion.

It is said that the admission of certain evidence of E. H. Watson was "the baldest kind of an error. It was an outrage." Yet counsel, in their original brief, did not see fit to refer to it.

So likewise the fourth cause for rehearing depends upon an alleged error in the introduction of evidence as to which no complaint was made.

Any errors not presented in the original hearing are thereby waived, and cannot be raised for the first time on petition for rehearing. Elliott App. Proced., section 557.

We have given to the petition careful consideration and to the record a thorough re-examination, and are satisfied with all the material statements, both of law and fact, contained in the original opinion.

We are strongly impressed with the belief that counsel's care in examination of the record has not been equal to their zeal for their client's cause.

Petition overruled.

Filed September 26, 1895.