## BRANIGAN v. HENDRICKSON.

[No. 2,134. Filed March 11, 1897.]

SALES.—*Executed and Executory Contracts.—Remedies for Breach Of.*—In a bargain and sale the subject of the contract becomes the property of the buyer the moment the contract is concluded, whether the goods are delivered to the buyer, or remain in the possession of the seller. In an executory contract the goods remain the property of the seller until the contract is executed. In case of sale the buyer can claim the specific goods, and they are at his risk. In case of executory contract the purchaser does not become the owner, and the goods are not at his risk. His remedy, if there be a breach, is confined to an action for damages. *pp. 200, 201.*

CONTRACTS.—*Whether Executed or Executory a Question of Fact.*—Whether any particular contract is executed or executory is generally a question of fact depending upon the intention of the parties to be gathered from the terms and stipulations of the agreement. *p. 201.*

SALES.—*Executory Contract.*—A contract for the purchase of hogs, stipulating that the seller is to retain and feed the hogs corn till a certain date, at which time the buyer is to pay balance on purchase price, and the hogs be weighed at certain scales, and delivered, and in case the hogs should get sick the buyer to take them at once or release all claim to them, is an executory contract. *p. 203.*

From the Monroe Circuit Court. *Affirmed.*

*H. C. Duncan* and *I. C. Batman*, for appellant.

*J. E. Henley* and *J. B. Wilson*, for appellee.

COMSTOCK, C. J.—The appellant prosecuted this case in the court below to recover the possession of 39 fat hogs of the alleged value of $260.00, and damages for the detention of the same. The suit was an ordinary suit for replevin. The defendant failing to

file bond within the time limited, the plaintiff filed the bond and took possession of the property.

Issues were joined, the case submitted to a jury, at the defendant's request a special verdict was returned.

The plaintiff moved the court for judgment on the verdict. The court overruled the motion, to which ruling exception was taken. The defendant then moved for judgment, which motion was sustained, and the plaintiff excepted.

But two errors are assigned in this court, viz.: The court erred in overruling plaintiff's motion for judgment in his favor. The court erred in sustaining defendant's motion for judgment in his favor on the special verdict.

The jury found that the defendant on the 18th day of December, 1895, was the owner of about forty head of hogs, on the farm of Thomas McGinnis, in Marion township, Monroe county, Indiana; that on said date defendant contracted said hogs to the plaintiff at 3 1-4 cents a pound to be delivered between January 15, and 25, 1896, plaintiff paying, through Joseph Hadden, $10.00 on said contract, and was to pay on said contract, on or before January 13, 1896, $150.00. Early on the morning of the said 13th day of January he went to the residence of defendant for the purpose of seeing about said hogs; and left word with the family of defendant to meet him at the shop of said Hadden; Hendrickson met plaintiff that afternoon at the shop of Hadden, plaintiff told him that he had come to comply with the contract; defendant told him that he could not have the hogs and refused to receive any money from him, and refused to let him have the hogs; plaintiff at that time informed defendant that he was ready to pay the money on the contract. Plaintiff at that time had the money to pay on said hogs; that

early on the morning of the 23d day of January, 1896, one Devee had the money to pay plaintiff for said hogs, and, for defendant, offered to pay for, and demanded them; defendant refused to take the money, refused to let him have the hogs, and told him that Branigan could not have them. Said hogs were at that time in Monroe county, Indiana. That said Hendrickson sold said hogs preceding the 23d day of January, 1896, to one Cunningham, of Martinsville, Indiana, and drove, and had them weighed there, on the 23d day of January. Defendant did not at any time notify plaintiff to take the hogs, nor that they were ready for him, nor demand any money on account of said hogs. That plaintiff sustained damages in the sum of $16.00 by reason of the defendant's failure to deliver said hogs. Defendant did not repay plaintiff the $10.00 paid him on said contract. That it was a part of the contract that the hogs were to be weighed before they were delivered at the scales of James Riddle; that defendant was to feed them corn until the 15th to 25th of January, 1896; that if any of the hogs should get sick before the time of delivery said plaintiff should at once receive them or release all claim to them. Said hogs were not weighed at the scales of Riddle; plaintiff did not make an unconditional tender of $150.00, on or before January 13, 1896; plaintiff never paid defendant but the said $10.00 on said contract.

The foregoing findings are all the facts, as to the purchase of the hogs, on which appellant bases his right to judgment in the lower court.

The question presented is whether, under the facts found, the transaction was an actual sale, or an executory contract. In a bargain and sale the subject of the contract becomes the property of the buyer the moment the contract is concluded, whether the goods are delivered to the buyer, or remain in the possession

of the seller. In the executory contract the goods remain the property of the seller until the contract is executed. In case of sale, the buyer can claim the specific goods, and they are at his risk. In case of an executory contract the purchaser does not become the owner, they are not at his risk. His remedy, if there be a breach, is confined to an action for damages.

Whether any particular contract is the one or the other is, generally, a question of fact, depending upon the intention of the parties to be gathered from the terms and stipulations of the agreement. See *Lester* v. *East*, 49 Ind. 588, and cases there cited.

Benjamin in his "Principles of Sales," pages 7, 67, states the rule as follows: " If the property by the terms of the agreement passes immediately to the buyer, the contract is deemed a bargain and sale; but if the property in the thing sold is to remain for a time in the seller, and only to pass at a future time or on certain conditions inconsistent with its immediate transfer, the contract is deemed an executory contract. * * * Where there is a contract for the sale of specific or ascertained goods the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred."

*Lester* v. *East*, *supra*, furnishes an instructive collection of decisions of our Supreme Court upon this subject. *Straus* v. *Ross*, 25 Ind. 300, is one of them. It is there held that where the seller contracted to sell and deliver to the purchaser his clips of wool at a stipulated price per pound, part of which was paid in hand, the purchaser was to go to the house of the seller on a particular day and the parties were then to go to town where the wool was to be weighed and where the purchaser was to pay the residue of the price and receive the wool. The purchaser called for, and was refused the wool. The court held that the

contract was executory and that the property in the wool did not pass, the court stating that "something remaining to be done to make it a sale. The wool was to be taken to Rushville, and there weighed.   *   *   * This was an essential point of the contract of sale, and until it was done the property in the wool did not vest in the appellant."

In the last mentioned case there was no uncertainty as to the property, the price per pound was agreed upon, there was part payment; there remained only the payment of the balance, the weighing and delivery.

In *Bradley* v. *Michael*, 1 Ind. 551, also cited in *Lester* v. *East, supra*, the cattle in controversy sold were sufficiently designated, the price agreed upon, and part of it paid, part of the cattle were delivered; the court held that the property in all the cattle passed, but that the seller had a lien on the cattle not delivered for the residue of the agreed price, without the payment of which the purchaser had no right to the possession; that the payment of the balance was a condition precedent to plaintiff's right to possession.

In *Henline* v. *Hall*, 4 Ind. 189, also cited in *Lester* v. *East, supra*, Henline sold a colt to Hall; it was agreed that the colt should run with the mare (which belonged to Henline and was in his possession) until it was weaned, at which time it should be delivered to Hall, who was at that time to pay the price stipulated; that when the colt was weaned and before the commencement of the suit, Hall tendered the price agreed, and demanded the colt. The court held that the contract fixed the price, the time for payment, and designated the property sold; that the property was thus vested in the buyer and placed at his risk from the moment the bargain was closed, without actual payment or present delivery. The court, in *Lester* v. *East,*

*supra,* distinguishes that case from those in which it is held that the property is not changed because something remains to be done by the seller to the article sold, to place it in a condition for delivery; as, for example, to ascertain the particular chattel or to set apart the specific goods, number or quantity, by measurement, etc.; that there would be no change of property until those acts were done.

In *Dixon* v. *Duke,* 85 Ind. 434, the court held that contract of purchase to be executory for the reason that two things remained to be done,—delivery of the wheat contracted, and payment of the price agreed; citing among other cases, *Straus* v. *Ross, supra,* and *Lester* v. *East, supra.*

Counsel for appellant, in their able brief, cite *Bertelson* v. *Bower,* 81 Ind. 512, in support of the proposition that title passed in the case at bar. In that case, which grew out of a contract of sale of sheep, the court held that title vested in the purchaser, for no act remained to be done,—"there was no necessity for any weighing or counting."

In the case at bar, there remained delivery, payment of balance of purchase price, the feeding of corn to a certain date, presumably to prepare them for the market, and the weighing at certain scales. There was in the agreement the stipulation that "in case said hogs should get sick at any time before time of delivery to said Branigan, that said Branigan should receive the said hogs at once or release all claims to them to the said Hendrickson. This stipulation provided for the contingent avoidance of the contract at the option of plaintiff.

The buyer was to pay $150.00 on or before the 13th day of January, 1896. The jury find that he did not pay, nor unconditionally tender payment of more than the $10.00 paid on the day the contract was entered

into. It is true that the jury found that the agent of plaintiff having the money offered to pay it, and that the defendant refused to accept it, and informed him that he could not have the hogs. As the jury find that no unconditional tender of payment was made, the court is left in the dark as to the terms upon which the offer was made. It may have been upon such terms as would have created a new contract. While a refusal to accept money will waive its formal tender, a tender to be good must be without conditions.

The facts found are inconsistent · with the theory that the parties intended that the title to the property should pass to the purchaser at the date of the making of the contract in December, 1895.

There is no error. Judgment affirmed.