[Civ. No. 7634. First Appellate District, Division Two.—July 31, 1931.]

ARTHUR L. ECKSTROM, Administrator, etc., Appellant, v. IDA JEAN BROOKS, Respondent.

James F. Brennan, E. A. McDonald, Vincent Surr and P. J. Murphy for Appellant.

Gilbert D. Ferrell and Fred W. Comba for Respondent.

NOURSE, P. J.—Plaintiff sued as administrator of the estate of John Eckstrom, deceased, to recover upon a promissory note of $9,000. The cause was tried with a jury and defendant had a verdict. Plaintiff has appealed on typewritten transcripts.

When about sixty years of age John Eckstrom was divorced from his wife and moved to the home of the defendant, where he remained until his death, nine years later. During this entire time he was estranged from his family, and a short time before his death, stated that he did not desire any of them to have any of his property. He was afflicted with many physical ailments and was unable to carry on any steady labor. During all this time defendant, who was a practical nurse, cared for him, doing his cooking, washing and nursing without compensation. The note in suit was executed in 1926 and was secured by a third deed of trust on property owned by defendant. A few weeks before his death in July, 1928, the deceased handed to the defendant in the presence of her son the promissory note and deed of trust, telling her that he wanted her to have the note and did not want any of his family to be able to collect from her. At the same time the deceased executed and delivered to the defendant an authorization to the trustee named in the deed of trust to reconvey to defendant. These documents were given by defendant to her son on the same day with instructions to record the authorization, but the son failed to do so until the day following the death of deceased.

Counsel for appellant list their points under ten headings. The first three points relate to the burden of proof, which concededly rests with the respondent in cases of this character. The fourth point rests on the statement that "in this type of action the presumption is that the evidence of the defendant is false". There is no such presumption in the law. The further statement that the "conflict of evidence rule" is ameliorated in these actions is equally fallacious. Though the courts have frequently said that the testimony of the party in interest in these cases should be "viewed with caution, and even with suspicion, to prevent fraud", our function is nevertheless that of a reviewing court which must presume that the trial

court and jury honestly and fairly viewed the evidence with such care. The true rule of these cases is stated in *Steinberger* v. *Young,* 175 Cal. 81, 85 [165 Pac. 432, 434], where the court says: "If there be substantial evidence to support the conclusion reached below, the finding is not open to review on appeal" even where the law requires proof of the fact to be clear and convincing.

■ Appellant gives his fifth point the heading "Inherent improbabilities". In support of the point he refers to several portions of the testimony of the respondent and her son detailing the transactions which we have heretofore recited and insists that some of these transactions were inherently improbable. Without further repetition it is sufficient to say that we have read this testimony with care and that we cannot say that it is inherently improbable. Many of the transactions were not done with the care and prudence that one would exercise under the advice of counsel, in fact, some things were very carelessly done, and if we were viewing the case as jurors we might have strong suspicions as to the truth and accuracy of some of the testimony. But that is not always improbable which is merely irregular or suspicious. Running through the argument upon these points the appellant frequently refers to the "forgery" of the decedent's signature to the authorization to reconvey the realty. The original exhibit has been brought up and we are asked to test the validity of this signature in the light of other exemplars of decedent's handwriting. But this is a pure question of fact which was left to the jury under complete instructions. We cannot say upon a review of the evidence that the jury drew a wrong conclusion merely because some of the evidence may seem "suspicious".

■ The sixth and seventh points may be treated under the general head that "Death revoked all agency and the gift remained uncompleted." In both respects the statement is a true statement of the law, but it has no application to the facts of this case. Death revokes an agency, but here there was no agency in so far as the issues raised by appellant are concerned. He was suing upon a promissory note which the evidence discloses was "paid in full" or canceled by the unconditional gift to the maker. From the very moment this gift was made the note became no longer enforceable,

and it is of no concern of appellant that an agency might have been created to make a reconveyance in order to ·clear respondent's title to the land covered by the deed of trust.

There is no conflict in the authorities that a promissory note may be the subject of a gift and ·that title passes on delivery with that intention irrespective of indorsement by the payee. (28 Cor. Jur. 666, 700.)

In his eighth point appellant argues for the presumption that the note having been shown to exist the obligation exists until shown to have been paid or canceled. Respondent does not quarrel with appellant. She relies on her evidence of gift as proof overcoming the presumption.

Point number nine relates to the failure of appellant to secure the admission in evidence of some photographic enlargements of the handwriting of the deceased. Many cases are cited to the point that such photographs are admissible—a rule which is not disputed. But the point is not material here because the appellant failed to lay the proper, or any, foundation for the introduction of any photographs and because he has not marked for identification those offered.· Hence we are unable to determine whether prejudicial error occurred in the ruling.

Finally it is argued that the trial judge erred in refusing appellant's proposed instruction reading: ''I instruct you that if John Eckstrom intended to make a gift to Ida Jean Brooks, and delivered certain papers to her, but intended that his gift should not take effect until after his death, then I instruct you that *this was not a gift.''* The proposal was an incorrect statement of the law. Section 1149 of the Civil Code provides that a gift made in view of death with the intent that it shall take effect only in case of the death of the giver· is a gift *causa mortis.* In other instructions given the trial judge fully covered the subject of gifts *''inter vivos''* and gifts *''causa mortis''.*

Complaint is also made of the portion of the instruction given upon request of respondent and reading: ''That the gift did not depend upon reconveyance under the deed of trust to give it effect.'' The instruction in which the portion complained of was included related to the delivery of the promissory note and deed of trust only. It had no relation to the reconveyance nor the title to the realty. That a valid gift of the promissory note could

be made without a conveyance of the security is too plain for argument. The effect of such a gift is a question which is not involved in this instruction.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 28, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1931.