Louise Catherine Walsh, p. a. *vs.* James V. Carroll.

Same *vs.* Annie Carroll.

Anthony Walsh *vs.* Same.

Same *vs.* James V. Carroll.

DECEMBER 14, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Hahn, J. These are four actions of trespass on the case for negligence. Two of the actions are brought by Louise Catherine Walsh, a minor, who sues by her father, Anthony Walsh, against the defendant Annie Carroll and against the defendant James V. Carroll, respectively, to recover damages for injuries alleged to have been sustained when she was struck by an automobile owned by said Annie Carroll and operated by said James V. Carroll, while she was crossing Smith street, a public highway in the city of Providence. The other two actions are brought against the same defendants by the plaintiff, Anthony Walsh, for consequential damages arising to him by reason of the loss of services of his daughter and expenses occasioned by her injuries. The cases were tried together by a justice of the Superior Court, sitting without a jury, and resulted in a

498

decision for the defendant in each case. The plaintiffs have duly brought bills of exceptions to this court, relying upon the exception to the decision of the trial justice in each case.

The accident occurred on November 23, 1931, between 12:30 and 12:45 p. m. The plaintiff, a child of six and one-half years old, accompanied by a schoolmate, one Helen McTiernan, was returning to the afternoon session of St. Patrick's School. The school is situated on the south side of Smith street, an asphalt highway, 40 feet wide at this point, the easterly end of the school premises being opposite Common street. A crosswalk, nine feet wide, indicated by yellow lines painted on the highway, runs from the northerly side of Smith street to the main entrance of the school. There were a number of automobiles parked on the northerly side of the street on both sides of the crosswalk. The two girls had walked in an easterly direction on the northerly sidewalk of Smith street. Somewhere near the crosswalk, or between the crosswalk and Common street, the plaintiff and Helen, who was walking on her right-hand side, left the northerly sidewalk to cross to the school. They came from behind the automobiles which were parked near the crosswalk. The defendant, James V. Carroll, who was returning home from Providence College where he was a student, was driving in an easterly direction on Smith Street, in front of St. Patrick's School. There were many children returning to school and there was considerable traffic. Carroll testified that as he approached the crosswalk, he shifted gears, and was going at a rate of seven to ten miles per hour; that after he passed the crosswalk and was continuing slowly, two of these children suddenly darted off the southerly sidewalk into the highway. He looked to the right and watched them to avoid striking them, while he continued forward. As they ran back to the southerly sidewalk, Carroll directed his gaze ahead and suddenly became aware of the plaintiff's presence on the left-hand side of his automobile. He put on his brakes,

swerved to the right, and came to a quick stop. The McTiernan girl, walking on the right of the plaintiff, noticed the on-coming vehicle, jumped and ran to the southerly sidewalk in safety. The plaintiff Louise, however, came in contact with some portion of the left side of the automobile and was severely injured.

At the conclusion of the testimony, the trial court made an exhaustive summary of the evidence. He found as a fact that, while the plaintiff Louise was not guilty of contributory negligence, the plaintiff had not proved that she was on the crosswalk when she was struck and that the plaintiff had failed to show negligence on the part of the defendant, James V. Carroll, in operating the car. It impressed the trial justice that the excursion of the two children into the highway from the southerly sidewalk required Carroll, driving on the southerly side of the highway, to focus his attention in their direction, and that in meeting this emergency he exercised reasonable diligence under the circumstances.

It was the function of the trial court to pass upon the weight of the evidence and upon the credibility of the witnesses. The position and the conduct of the parties, the speed, control and operation of the automobile, and the conditions relative to pedestrians and other traffic at the time of the accident, were all the subject of much conflicting testimony. The testimony as a whole was contradictory and it was a question for the trial court to determine whether the plaintiff sustained the burden of proving negligence on the part of the defendant. The trial court resolved the question in favor of the defendant. A finding of fact by a trial justice upon conflicting evidence will not be disturbed unless it clearly appears that the decision was erroneous. *Blomen* v. *Barstow Co.*, 35 R. I. 198; *Preble* v. *Higgins*, 43 R. I. 10; *Westchester Mortgage Co.* v. *Newport Trust Co.*, 50 R. I. 263.

An examination of the record shows that the decision was amply supported by the evidence. It clearly shows

that the defendant, James V. Carroll, was traveling on the right-hand side of the road, and that, when the two children jumped off the sidewalk on his right, he acted vigilantly to avert the danger of their situation. The defendant's contention that his attention was thus justifiably diverted when the plaintiff Louise emerged into the highway from behind a parked vehicle on the opposite side of the street, and suddenly appeared from the left, and that the ensuing mishap to the child was not occasioned by any wrongful act on his part, was established by abundant testimony.

The plaintiff's exceptions in each case are overruled and each case is remitted to the Superior Court with instructions to enter judgment on the decision.

*Arthur L. Conaty, Israel H. Press,* for plaintiffs.

*Sherwood & Clifford, Raymond E. Jordan,* for defendants.