118

Flynn, C. J.   This is an action of trespass on the case for negligence to recover for personal injuries, suffered by the plaintiff, as a result of a collision between the automobile, in which she was riding as a passenger, and another automobile owned and operated by the defendant.   The case was tried before a justice of the superior court, jury trial waived, and resulted in a decision for the defendant.   The case is before us on the plaintiff's bill of exceptions to the ruling of the trial justice, in refusing to admit certain evidence during the course of the trial, and to his final decision in favor of the defendant.

It appears from the transcript of evidence that the plaintiff was a passenger in an automobile which was owned and driven by Thomas D'Andrea, who was not under her control; that this automobile was proceeding in a general southerly direction, away from Knightsville, along Phoenix avenue, a public highway in Cranston, on July 23, 1932, about 7 to 7:30 p. m.; that it was still daylight and the weather was clear and the road surface was dry; that Phoenix avenue near "the Hopkins place" and in the vicinity of the accident runs in a general northerly and southerly direction and winds in a series of long curves, described by

the witnesses and trial justice as resembling the letter "S"; that the traveled portion of the tar road here is generally about sixteen feet wide; that the road on the westerly side, that is, to the right of the plaintiff's automobile, is bounded by a dirt or gravel shoulder, which is about three feet wide and which then slopes down to a ditch or valley; and that, on the easterly side, that is to the right of the defendant's automobile, the road is bounded by a stone wall; that between the easterly edge of the metal surface of the road and this wall is an accumulation of dirt, forming a small rising bank about one to two feet high; and that the wall was estimated as being perhaps two to three feet from this edge of the road.

The plaintiff asserts, in substance, that the D'Andrea automobile, in which she was riding, was traveling southerly, on its own right-hand side of the center of the traveled highway, at the rate of about twenty miles per hour; that when the D'Andrea car began to enter the bulge or center of the series of curves, the defendant's automobile was from fifty to one hundred and fifty feet away; that the defendant, whose speed was estimated by her at about forty miles per hour, was coming northerly, or from the opposite direction, and left his own right-hand side of the highway to cut across toward the D'Andrea automobile; that notwithstanding the efforts of her driver, D'Andrea, to pull sharply to his right to avoid the collision, the defendant's automobile kept coming and collided with the left front and side of the D'Andrea automobile, while on the plaintiff's side of the road, causing the D'Andrea automobile to turn over on its right side, to slide forward diagonally to the right, and to stop on the dirt shoulder, the rear left wheel being on the traveled portion of the road.

The defendant, on the other hand, offered evidence to show that he was driving on his own right-hand side of the center of the traveled road at a rate of speed between twenty and twenty-five miles per hour; that when he first

saw the D'Andrea car, it was some fifty feet away and was coming from the opposite direction with its left front wheel on the center white line and its rear left wheel on the plaintiff's side of the road; that when it cut across toward the defendant, he, the defendant, blew his horn, applied his brakes, and pulled his own automobile sharply to his own right, so that its right front hub cap scraped along the dirt bank, bordering the road on his right; that the driver of the D'Andrea automobile, which was then on its left or wrong side of the road, pulled sharply to his own right, but not in time to prevent a collision with the left front wheel and fender of the defendant's automobile; that the point of contact or collision was about two feet easterly, that is to the defendant's own side, of the center line of the highway; and that there was a painted white center stripe for a distance of some three hundred and fifty feet in that vicinity.

From this brief summary of the facts and the respective contentions, it will be seen that the case presents an irreconcilable conflict of evidence. The only disinterested witnesses who appeared were the two Cranston police officers, who came to the scene of the accident shortly thereafter and apparently before the defendant's automobile had been moved. Their testimony was largely addressed to the physical facts, such as the position of the automobiles; the evident markings upon the road made by these automobiles just before and after the accident; the mark on the dirt bank made by the right hub cap of defendant's automobile, indicating where it had scraped for some eight or more feet along the bank, which prevented the defendant from going any farther to his own right side; the special marking on the road, some two feet to the defendant's side of the center white stripe, indicating clearly to them the point of collision; and the presence of a white painted stripe, marking, for some distance, the center of the traveled way near the Hopkins place, which last fact had been previously denied by the testimony for the plaintiff.

Upon this conflicting state of the evidence, the trial justice found as a fact that there was a white stripe to mark the center, as testified by the defendant and police; that the collision took place upon the defendant's own right-hand side of the center of the traveled road, some two feet from the center white stripe; that the defendant was not driving at an excessive speed, as alleged by the plaintiff, but had his car under reasonable control previous to the accident, and had proceeded to his right as far as he could go, as evidenced by the marking of the right front hub cap along the dirt bank between the road and stone wall; and that, in any event, the proximate cause of this accident was not the speed of the defendant's automobile, but the fact that D'Andrea's automobile, in which the plaintiff was riding, was on its wrong or left side of the road.

It is admitted by the defendant that there is no question in this case concerning the contributory negligence of the plaintiff, and that the negligence of her driver is not to be imputed to the plaintiff. Therefore the sole question upon the evidence is whether or not the defendant was negligently operating his automobile, as alleged by the plaintiff's declaration, at a reckless speed and on his wrong side of the road, so as to become the proximate cause of the accident and of the injuries to the plaintiff, which resulted therefrom.

In the instant case, the weight of the evidence depends peculiarly upon the credibility of the witnesses. The trial justice had a distinct advantage in seeing and hearing them as they testified and relied considerably on the testimony of the disinterested witnesses; he also took a view of the scene and location of the accident, which was very helpful in these circumstances. He has found, on the weight of the evidence, certain facts as above set forth and has found that the plaintiff did not establish her allegations of negligence on the part of the defendant. After a consideration of the transcript of evidence and these findings of fact, we see no reason here to depart from our well-established rule that

the findings of fact by a trial justice, sitting without a jury, upon conflicting evidence will not be set aside unless shown to be clearly wrong. *Di Saia* v. *Vail,* 181 A. 410; *Walsh* v. *Carroll,* 54 R. I. 497, 175 A. 832, and cases cited. The plaintiff's third exception to the decision for the defendant is therefore overruled.

The plaintiff's first and second exceptions both relate to the refusal of the trial justice to admit in evidence a photograph of the automobile in which the plaintiff was riding and which was allegedly taken after the accident. The plaintiff sought to offer this evidence, not through the person who took the photograph, but through a witness who apparently was willing to testify that the photograph was a fair representation of the D'Andrea automobile, as it appeared to this witness, when he saw it in the repair shop after the accident. It was offered at different times in the trial, which accounts for the two exceptions. Upon its rejection by the trial justice, counsel for the plaintiff did not ask to have the photograph marked for identification; nor did he then make any offer of proof as to what material influence the photograph, if admitted, would have upon the determination of the vital issues of the case. On the contrary, counsel for the plaintiff then said: "If he wants to press it" (meaning the defendant's objection to the introduction of the photograph) "I will simply introduce the same thing by oral testimony." The transcript indicates that he pursued his intended course and otherwise introduced such testimony of the damage to the D'Andrea automobile.

Upon the record before us, therefore, we have neither the photograph nor any offer of proof from which we could determine whether this exclusion was prejudicial error, granting that it was otherwise admissible. In *Ekstrom* v. *Brooks,* 2 Pac. (2d) 207, Cal. App., where the trial court rejected evidence of photographic enlargements of certain handwriting of a deceased person, the court held the failure to have the photographs marked for identification deprived

the reviewing court of the necessary basis to determine whether its rejection was prejudicial error. To a similar effect, see *Evansville & Princeton Traction Co.* v. *Broermann,* 80 N. E. 972.

Such rulings are entirely consistent with cases where this court has held that, to sustain an exception to the exclusion of a question, it must appear what the excepting party expected to prove by the answer and that he was harmed by the exclusion. *Hargraves* v. *Ballou,* 47 R. I. 186; *Kirk* v. *Ball,* 45 R. I. 93; *Callan* v. *Peck,* 37 R. I. 227. The plaintiff, therefore, has failed to bring the subject of her first and second exceptions sufficiently upon the record for our review, and these exceptions must be overruled.

For the reasons stated, and upon consideration of the evidence and circumstances of the case, we cannot say that the trial justice was clearly wrong in his findings of fact upon the conflicting evidence or in rendering his decision for the defendant.

All of the exceptions of the plaintiff are overruled and the case is remitted to the superior court for the entry of judgment upon the decision.

*McCrillis & Koly, Edgar V. F. McCrillis, Uldrich Pettine,* for plaintiff.

*McGovern & Slattery, Fred B. Perkins, William E. McCabe,* for defendant.

