JENNY PIMPARE, *p. a. vs.* THOMAS J. MCNAMARA, JR.,
*d. b. a.* HAMILTON TAXI SERVICE.

JULY 27, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by the plaintiff as a result of an automobile accident at the intersection of Hawes and Clay streets in the city of Central Falls. The case was tried before a justice of the superior court sitting without a jury, and resulted in a decision for the defendant. To this decision, the plaintiff duly excepted and has brought her bill of exceptions to this court.

The plaintiff contends that the decision of the trial justice is erroneous, and should be reversed for the following reasons: (1) that the trial justice misconceived the evidence in finding that the Ford automobile ran into the taxicab rather than vice versa; (2) that he misconceived the evidence in regard to the location of the defendant's taxicab at the time of the impact; (3) that he gave no consideration to the right of way of the Ford automobile under the statute and (4) that he misconstrued the evidence with regard to the conduct of the Ford automobile and the taxicab just prior to the accident. In the development of these reasons, the plaintiff, in her brief and in her oral argument, has reviewed the testimony and has pointed out instances therein which she claims run counter to the findings.

The decision of the trial justice, which appears in the transcript at the conclusion of the report of the testimony, contains certain findings of fact upon which he based his conclusion that the plaintiff had failed to prove by a fair preponderance of the evidence that the defendant was guilty of negligence and that such negligence was the proximate cause of the accident, resulting in the plaintiff's injuries. Unless this decision is clearly wrong, it will not be disturbed. *Walsh* v. *Carroll*, 54 R. I. 497, 175 A. 832. The findings of fact made by the trial justice on conflicting evidence, unless they are clearly erroneous, will likewise not be disturbed. *Korjian* v. *Garabedian*, 55 R. I. 406.

These fundamental rules are well established and the plaintiff admits their force but argues that the instant case is not one merely of conflicting or disputed facts to which the rules apply, but that it is one where the findings of the trial justice depend to a large extent upon inferences to be drawn from disputed facts. In such a case, she contends the above rules do not apply and cites *Campbell* v. *Lederer Realty Corp.*, 125 A. (R. I.) 222.

We think the plaintiff misreads the *Campbell* case, if she understands that case to hold, as she states in her brief, that this court is in as favorable a position to draw inferences from disputed facts as is the trial justice. What was said in that case was this: "Disputed questions of fact are presented here, but the proper determination of the issues depends in a large degree upon the *inferences* reasonably to be drawn from the *circumstances of the case*. To draw such inferences we are in as favorable a position as was the justice." (italics ours) The court had just stated: "Upon disputed questions of fact the determination of a justice of the superior court sitting without a jury will be given much weight upon review in this court", and it was striving to point out in the language first above quoted that the decision of the question before it turned upon certain circumstances and the inferences to be drawn therefrom, not inferences to be drawn from the disputed facts.

Where the facts are undisputed, this court has said that it is as competent to draw inferences therefrom as the trial justice. *Stiness* v. *Brennan,* 51 R. I. 284; *Lisker* v. *Emery,* 54 R. I. 190. In the instant case the facts are clearly in dispute. Moreover, the determination of the issues presented in this case does not depend upon inferences reasonably to be drawn from the circumstances of the case as in *Campbell* v. *Lederer Realty Corp., supra.* Here the issues are to be determined from the disputed questions of fact. The findings of fact made by the trial justice on the conflicting testimony are therefore, in accordance with the rule above stated, entitled to great weight.

We have carefully read the transcript and we cannot say that the trial justice was not warranted in finding, as he did, that the Ford automobile ran into the taxicab. The testimony on this point was conflicting and there was some question concerning the testimony of the witnesses, Jabotte and Brousseau for the defendant, being in some particulars different from a statement of the accident, which each of them had given to a police officer of Central Falls, and to an inspector of the motor vehicle division of the state board of public roads, a day or two after the accident. The plaintiff appears to complain that the trial justice believed the testimony of said witnesses for the defendant rather than the inspector and police officer who testified for the plaintiff. This was within the province of the trial justice. In any event, there was other evidence from which he could have found that the taxicab was hit by the Ford automobile.

Upon a thorough perusal of the testimony, we are unable to see any basis for the plaintiff's contention that the trial justice misconceived the evidence in regard to the location of the taxicab at the time of the accident. The great weight of the testimony places the taxicab on its own side of Hawes street partly out into Clay street, only a few feet beyond the northerly curb line of that street, and no witness places it beyond the center line of Clay street. When the trial justice states in his decision that not a single witness placed

the taxicab beyond the intersection, he undoubtedly uses the word "intersection" to mean the intersection of the center line of Clay street with the center line of Hawes street and not the intersection of the curb lines of said intersecting streets. This is obvious from the question which he asks himself, "Has any witness in this case placed the defendant's taxicab beyond the intersection, *beyond the light?*" (italics ours) It appears from the evidence that at the intersection of the center lines of Clay and Hawes streets there was an overhead traffic caution light. We think the view of the trial justice on this point is correct and that the plaintiff herself has misconceived the true nature of the finding of the trial justice.

There is no merit in the plaintiff's contention that the trial justice erred in not giving consideration to the statutory rule governing the right of way as to vehicles approaching the intersection of public highways. On the facts in evidence there was no necessity for the trial justice to consider the statute. The defendant's taxicab at no time got into that portion of Clay street to the south of the middle line of said street, over which the Ford automobile was proceeding and was, under the statute, entitled to the right of way. If the Ford had remained on its side in the middle line of Clay street, it could not, under our view of the evidence, have collided with the taxicab. When, however, it started to skid and was deflected over to the other side of the middle line of Clay street, it came into contact with the taxicab, which was already stopped only partly over the northerly curb line of that street. The evidence is clearly to the effect that the taxicab operator made no attempt to cross Clay street in the path of the Ford automobile but on the contrary that he stopped his cab well to the north of the center line of that street and but two feet south of its northerly curb line, leaving the way entirely clear for the Ford to proceed, on its own side of the street, with considerable space clear also even on its left side of Clay street.

The plaintiff finally complains that the trial justice mis-

construed the evidence with regard to the conduct of the two automobiles just prior to the collision. There is no merit in this contention. An examination of the testimony definitely establishes that the Ford automobile was being driven at an excessive rate of speed, considering the condition of the highway, and that it skidded out of control of its driver over to the left of the center line of Clay street and struck the taxicab, which was then in a standing position about two feet south of the northerly curb line of Clay street. The plaintiff complains further that the trial justice made no finding as to the speed of the taxicab as it came along Hawes street before stopping at Clay street. There was no need of any finding on this matter in view of his finding that the taxicab had come to a complete stop only two or three feet beyond the northerly curb line of Clay street and that it was stopped when the Ford automobile skidded across the center line of Clay street to its left and hit the taxicab. Our examination of the transcript confirms the correctness of the findings of the trial justice.

We have reviewed the evidence in somewhat more detail than is our usual custom in a case of this kind, but we have done so because of the unusual circumstances of this case. The plaintiff here, through no fault of her own, has been severely injured while standing on the sidewalk. The taxicab did not hit her, although the owner thereof has been made the defendant in this case on the theory that the operator of the taxicab was guilty of negligence which contributed to the cause of the accident when the Ford automobile struck the plaintiff and injured her. We have examined the transcript with care to determine therefrom, if possible, whether the trial justice had inadvertently misconceived the law or the facts or had failed to weigh the evidence properly and thus had done an injustice to the plaintiff, but we have been unable to find that in any of these particulars he has failed to properly perform his duty.

As to the credibility of the witnesses generally and particularly with reference to Jabotte and Brousseau, the police

officer and the inspector of the motor vehicle division of the state board of public roads, the trial justice was entitled to choose whose testimony to believe, or perhaps to put it more concretely, he was entitled to credit the sworn testimony of Jabotte and Brousseau on the witness stand, rather than what they were purported to have said after the accident to the police officer, according to a statement made by the officer of what they told him at that time.

The trial justice had an opportunity to see the witnesses and observe their conduct and demeanor as they testified. In determining where the truth lay in this instance and in the other conflicting testimony, he thus had an advantage over us which in this case was very important. We cannot say, therefore, that his decision was clearly erroneous or that it failed to do justice between the parties. Rather, as far as it is determinable from an examination of the transcript, his decision appears to us to correspond truly to the real merits of the case.

The plaintiff's exception is, therefore, overruled and the case is remitted to the superior court for the entry of judgment on the decision.

*Michael F. Costello, McGovern & Slattery, Edward Goldberger,* for plaintiff.

*Quinn, Kernan & Quinn, Michael DeCiantis,* for defendant.