VIRGILIO LAUTIERI *vs.* JOHN F. O'GARA, *D. S.*

MAY 19, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action of replevin, to determine the right to possession of certain store fixtures under attachment,

was tried before a justice of the superior court, sitting without a jury. At the conclusion of all the evidence, decision was rendered for the plaintiff for possession of one back bar complete, one front bar and unit complete, and ten cents damages and costs; and decision also was given for the defendant for the return and restoration of twelve chairs, three tables, one cash register and one stove, and ten cents damages and costs. The case is before us only upon the defendant's bill of exceptions to the above decision for the plaintiff, and his other exceptions to the introduction of certain evidence during the trial.

Virgilio Lautieri, the plaintiff, was the owner of certain premises on Manton avenue in the city of Providence in which he had conducted a small store at No. 432, and had rented the adjoining store at No. 436 to one Antonio Del Sesto, referred to as De Sisto in the transcript. The defendant, a deputy sheriff, had attached "all goods, stock and fixtures" located in the premises at 436 Manton avenue, by virtue of a writ of attachment in which one Michele Frenze was the plaintiff and Antonio De Sisto was the defendant.

De Sisto had opened business as the Homestead Bar at 436 Manton avenue about September 14, 1935. He previously had purchased, on September 12, certain equipment, including the back and front bars and copper unit complete, under a conditional sale agreement with Standard Refrigerating Manufacturing Corporation, hereinafter referred to as Standard Company. The seller in that agreement, among other provisions, expressly reserved title to the fixtures; the right to enter and repossess itself of these fixtures with or without demand; and to dispose of them at public or private sale in the event of any default by De Sisto in the payments or other conditions specified in the agreement; and to apply the proceeds of such sale on the balance due on the whole purchase price of the equipment.

Standard Company then discounted this agreement and note, signed by De Sisto, with Industrial Securities Company, of Middletown, Connecticut. De Sisto became "con-

sistently delinquent" in the payments due under his agreement with Standard Company. He was so much in default on May 25, 1936 that Standard Company was obliged to pay to and take back from the Industrial Securities Company the agreement and note of De Sisto. With De Sisto in such undenied default under his agreement, the Standard Company, on June 2nd or 3d, sent its agent, together with several trucks, to 436 Manton avenue to repossess the fixtures covered by the agreement.

De Sisto was not called to testify by either party. There is no testimony that he was even present on the premises at that time; and, for all that positively appears, De Sisto had surrendered or abandoned possession of the place to the plaintiff for unpaid rent. Moreover, it does not appear that anybody except the plaintiff and his friend, Emilio Vallesi, referred to as Ballesi, were present when the Standard Company's agent came to remove the fixtures. The plaintiff reached an agreement with the agent and thereupon requested Ballesi, who apparently had a checking account, to give the Standard Company his check for the balance due on the fixtures and he, Lautieri, would later repay him. Ballesi then gave the agent a check dated June 3, 1936, payable to Standard Company, in the sum of $298.30, which was the exact amount overdue and unpaid on De Sisto's conditional sale agreement.

The company's agent thereupon made out and delivered to the plaintiff a conditional sale agreement signed by Lautieri, in the form customarily used by the Standard Company. The agent also wrote "Paid in full" across the face of it and, on the side, was written "Cash Transaction—no note necessary." This notation explained the absence of the usual promissory note, which formed the lower portion of conditional sale agreements, used by the company when payments were deferred. It is not disputed that Ballesi's check was duly received by the Standard Company, which had it certified on June 16, and cashed on June 18 or 22; and that

for this advance Ballesi was later repaid by Lautieri, who indorsed over to him a bank treasurer's check payable to Lautieri in the sum of $300.

On June 16, at 10:25 a. m., the defendant, as a deputy sheriff, served an original writ of attachment in the case of *Frenze* v. *De Sisto,* purporting to attach all of the fixtures in the premises at 436 Manton avenue, including those which had been purchased on June 2 or 3 by the plaintiff from the Standard Company through its agent. On June 25, very shortly before the time advertised for the holding of a sheriff's sale of the chattels under the above-mentioned attachment, the plaintiff commenced this action of replevin against the deputy sheriff.

By his first two exceptions, the defendant contends that certain documents introduced in evidence by the plaintiff were not admissible. There is some question whether the defendant has set out separately and clearly in his bill of exceptions the first two exceptions, upon which he relies. General laws 1923, chap. 348, sec. 17. However, we have examined these exceptions and are of the opinion that the documents in question relate to the plaintiff's title and that the defendant's contentions concern the weight of the evidence rather than its admissibility. Therefore, the defendant's exceptions 1 and 2 are without merit.

Under the defendant's other exception, to the decision of the trial justice for the plaintiff, he contended substantially that the plaintiff failed to prove, by a fair preponderance of evidence, his right to exclusive possession of the fixtures in question. This court has uniformly held that findings of fact by a trial justice sitting without a jury, based upon conflicting evidence, are entitled to great weight and will not be disturbed, unless such findings are clearly wrong and fail to do substantial justice between the parties. *Preble* v. *Higgins,* 43 R. I. 10; *Antociccio* v. *Stanley,* 58 R. I. 118, 191 A. 498; *Westchester Mtg. Co.* v. *Newport Trust Co.,* 50 R. I. 263; *Walsh* v. *Carroll,* 54 R. I. 497.

We have examined the transcript and find no reason advanced by the defendant, based on the evidence as presented, which takes this case out of the above category. There is no evidence to support the defendant's contention that the plaintiff impliedly paid the balance due on the fixtures to the agent of Standard Company as a loan to De Sisto, or as guarantee of his account or for his benefit. On the undisputed evidence De Sisto was in default and the Standard Company had title to the fixtures.

The delivery of Ballesi's check, for the benefit of the plaintiff, to the agent of Standard Company and the delivery of the conditional sale agreement to the plaintiff in consideration thereof were sufficient, under the circumstances here, to give the plaintiff the right to possession of these fixtures, either under a *prima facie* absolute title, as indicated by the writing "Paid in full" on the agreement, or under the terms of the plaintiff's conditional sale agreement, so long as such terms were not breached. The uncontradicted evidence shows no such breach of the agreement. Therefore, the title to the fixtures was either in Standard Company or the plaintiff and not in De Sisto on June 16, when they were attached by the defendant; and the right to their possession at that time, and from the previous June 2 or 3, was in the plaintiff against the seller, De Sisto, or the defendant.

The plaintiff's case was supported by documentary and other evidence of title; and certain other evidence either was undisputed or was not successfully contradicted. Upon all the evidence, the trial justice found that the plaintiff had established, by a fair preponderance, a right to the possession of the fixtures superior to that of the defendant, who could have no valid claim to them when De Sisto had no right to their possession at that time.

As we cannot say from the evidence that the trial justice was clearly wrong in such findings of fact, his decision for the plaintiff for possession of the back bar complete, front bar and unit complete, ten cents damages and costs, must stand.

The decision of the trial justice for the defendant for the return and restoration of twelve chairs, three tables, one cash register and one stove, and ten cents damages and costs has not been questioned here by the plaintiff.

All of defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision as rendered.

*Ralph Rotondo,* for plaintiff.

*Frederick Torelli,* for defendant.